APESOS et al., Appellants and Cross–Appellees,

v.

KEMPER MECHANICAL SERVICES, INC., et al., Appellee;
Burnap et al., Appellees and Cross–Appellants.

[Cite as *Apesos v. Kemper Mechanical Serv., Inc.* (1995), 107 Ohio App.3d 307.]

Court of Appeals of Ohio,
Second District, Montgomery County.

Nos. 14980, 15129.

Decided Nov. 8, 1995.

308

*David P. Williamson* and *David P. Pierce,* for appellants and cross-appellees.

*Robert N. Berger,* for appellee Kemper Mechanical Services, Inc.

*John R. Koverman, Jr.,* for appellees and cross-appellants David K. and Roberta Burnap.

---

WILSON, Judge.

On May 12, 1991, the plaintiffs-appellants and cross-appellees, James Apesos and Elizabeth Apesos, made an offer to purchase a large older residential property owned by the defendants-appellees and cross-appellants, David K. Burnap and Roberta Burnap. The offer was made on a Dayton Board of Realtors printed offer and acceptance contract form. The offer also contained an inspection addendum form providing for a twenty-day inspection period from the date of acceptance of the offer. Both forms provided for the purchase of the property in an "as is" condition.

The Burnaps accepted the offer on May 15, 1991. The house was vacant and available to the plaintiffs for inspections for approximately one month prior to the closing of the real estate transaction on June 21, 1991.

The plaintiffs contracted with the defendant-appellee, Kemper Mechanical Services, Inc., to inspect the residence. Kemper inspected the house and made a "house inspection report" on May 22, 1991. The report stated that the inspection was limited to a visual inspection of readily accessible areas.

The report stated in part that the original slate roof was in the final stage of service life and estimated the remaining life of the slates to be three to five years. "Water marks and stains on second floor, west bedroom ceiling were dry at time of inspection and probably occurred before Firestone, rubber-type, single ply membrane roof was installed on third floor balcony. It was not raining at time of inspection."

The plaintiffs filed a complaint in May 1994 seeking damages from the defendants. The plaintiffs alleged that the Burnaps knew or should have known of a latent defect in the roof of the house and that they failed to disclose the latent defect to the plaintiffs. They also alleged that Kemper negligently failed to detect and/or negligently failed to inform plaintiffs of the defect in the roof.

It is clear from the record that the roof referred to in the complaint is not the slate roof. The alleged "latent defect to the roof of the home" refers to the flat roof which is the floor of the third floor balcony.

The plaintiffs have appealed from the order of the trial court sustaining motions for summary judgment filed by Kemper and the Burnaps.

The Burnaps have cross-appealed from the order overruling their motion for attorney fees filed pursuant to R.C. 2323.51.

In their first assignment of error the plaintiffs contend that "the trial court erred in granting summary judgment in favor of David and Roberta Burnap."

In support of their differing positions both the plaintiffs and the Burnaps have cited *Layman v. Binns* (1988), 35 Ohio St.3d 176, 519 N.E.2d 642. In this case the Binnses alleged that the Laymans fraudulently concealed a structural defect in a house the Binnses had purchased from the Laymans. The Binnses had an unhindered opportunity to examine the house but failed to examine a bowed basement wall supported by steel I-beams. They saw the beams but failed to inquire about the purpose of the beams. The Binnses had not been informed of the structural defect in the wall.

In the majority opinion in *Layman v. Binns*, Justice Herbert Brown stated that the nondisclosure did not rise to the level of fraud because the defect was not latent. The bowed wall "could have been detected by an inspection."

The majority opinion then stated that absent a latent defect the purchasers must show an affirmative misrepresentation or a misstatement of a material fact to demonstrate fraud and thereby preclude the application of the doctrine of *caveat emptor*.

The law of the case is set forth in the following syllabus of *Binns*:

"The doctrine of *caveat emptor* precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. (*Traverse v. Long* [1956], 165 Ohio St. 249, 59 O.O. 325, 135 N.E.2d 256, approved and followed.)"

The Burnaps' motion for summary judgment was supported by the affidavit of David Burnap, a copy of the real estate sales contract, and a copy of Kemper's house inspection report.

Mr. Burnap stated in his affidavit that the house was built about 1929, and that he and his wife had purchased the property in the mid 1960s and had lived there until the early part of December 1990. He set forth the facts leading up to the sale of the home and the Kemper inspection as described earlier in this opinion. He also stated that "the flat roof over the master bedroom and bath developed several leaks and in February of 1991, I had Bauer Roofing Company install a new rubber roof over said area."

The affidavit also established the fact that the Burnaps made no affirmative misrepresentations or misstatements to the plaintiff.

The affidavit established two of the requirements for the application of the doctrine of *caveat emptor* as set forth in subparts (2) and (3) of the syllabus of *Layman v. Binns*. We also note that the complaint did not allege any misrepresentations or misstatements on the part of the Burnaps and made no complaint that the Burnaps interfered with the plaintiffs' contractual right to examine the premises.

It follows that the Burnaps satisfied their initial responsibility of informing the trial court that the primary issue for summary judgment is whether "the condition complained of is open to observation or discoverable upon reasonable inspection" as required by *Layman v. Binns*. In other words the issue was whether there was a latent defect which the Burnaps had a duty to disclose.

Mr. Burnap's affidavit did not either deny the existence of the alleged "latent defect in the roof of the home" or state that the Burnaps had no knowledge of any such defect. The affidavit did establish the fact that the plaintiffs made no inquiry of the Burnaps after the plaintiff received the Kemper report.

In affirming the Burnaps' motion for summary judgment, the trial court quoted from the Kemper report on the water marks and stains and then stated: "In this court's opinion that the inspection uncovered the problems which plaintiffs now complain. Therefore, the deficiencies were discoverable through reasonable inspection, and were not latent."

The trial court also quoted paragraph three of the syllabus in *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095:

"A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. (*Celotex Corp. v. Catrett* [1986], 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, approved and followed.)"

The Burnaps' memorandum in support of their motion in the trial court focused on the fact that the Kemper report had advised the plaintiffs that there were water marks on the ceiling of the bedroom. The memorandum stated in part: "Water stains on a ceiling indicate a leaking roof above. The alleged defect was obvious, open and not latent."

Although it is not entirely clear from the opinion of the trial court, it appears that the trial court agreed with the Burnaps' argument. However, it is also possible to conclude that the trial court found that the plaintiffs had failed to produce sufficient evidence on the latent defect issue.

The Burnaps also argued that when plaintiffs received the Kemper report they had a duty to make inquiry and examination and that they failed to do so. However, it is clear from the opinion of the trial court that the Burnaps' motion for summary judgment was not granted for this reason. This possible issue was not discussed by the trial court.

We do not disagree with the Burnaps' statement that "water stains on a ceiling indicate a leaking roof above." However, the plaintiff alleged a "latent defect to the roof of the home."

■■■ We are required to view the evidence most strongly in favor of the nonmoving party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267. Applying this standard, it is our opinion that the evidence of water stains in the ceiling does not negate the allegation of a latent defect in the roof.

We now proceed to the issue of whether *Wing v. Anchor Media* requires the plaintiffs to produce evidence on the issues they bear the burden of production at trial.

■■■ "Regardless of who may have the burden of proof at trial, the burden is upon the party moving for summary judgment to establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law." *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597.

Prior to its 1991 decision in *Wing v. Anchor Media*, the Supreme Court of Ohio discussed the *Celotex* case in some detail in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798. In this case the court in effect concluded that the *Celotex* standard was the same standard quoted above from the syllabus of the *AAAA Enterprises* case.

The syllabus in *Wing v. Anchor Media* specifically "approved and followed" the *Celotex* case and there is no indication in the *Wing* opinion that the earlier opinions in *Mitseff* and *AAAA Enterprises* were in any way modified. We do not

think that the Ohio Supreme Court modified the law of *Celotex* by the other language appearing in *Wing*'s syllabus.

The *Celotex* case was a wrongful death action against Celotex Corporation and fourteen other corporations who manufactured asbestos products. Celotex moved for summary judgment on the ground that there was no evidence that plaintiff's decedent had ever been exposed to a Celotex asbestos product. Celotex filed no affidavits negating such exposure. However, Celotex pointed out to the trial court that the plaintiff "had failed to identify, by answering interrogatories specifically requesting such information, any witnesses who could testify about the decedent's exposure to petitioner's asbestos products." *Celotex*, 477 U.S. at 320, 106 S.Ct. at 2551, 91 L.Ed.2d at 272.

The trial court granted summary judgment to Celotex because there was no showing that plaintiff's decedent was ever exposed to a Celotex asbestos product.

The intermediate appellate court reversed, holding the Celotex motion to be "fatally defective" because Celotex "made no effort to adduce any evidence, in the form of affidavits or otherwise, to support its motion" and thus failed to meet its burden of coming forward with proof of the absence of any genuine issue of material fact. *Id.* at 321, 106 S.Ct. at 2552, 91 L.Ed.2d at 272.

The United States Supreme Court reversed in a majority opinion written by Justice Rehnquist. "Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(C), is satisfied. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Id.*, 477 U.S. at 323–324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

Civ.R. 56(C) places the initial burden on the moving party to "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Justice Rehnquist stated that this burden may be discharged by showing "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. Since Celotex satisfied its Civ.R. 56(C) burden, the burden then shifted to the plaintiff to present some evidence that its decedent had been exposed to a Celotex asbestos product.

In the case before us, Mr. Burnap's affidavit and other evidentiary materials failed to either negate an essential element of the plaintiffs' claim or show that there is an absence of evidence to support the nonmoving party's case. It follows

that the Burnaps failed to meet their Civ.R. 56(C) burden and that the burden did not then shift to the plaintiffs to show a latent defect in the roof.

The first assignment of error is sustained.

The plaintiffs' second assignment of error provides:

"The trial court erred in granting summary judgment in favor of Kemper Mechanical Services, Inc."

The motion for summary judgment filed by Kemper Mechanical Services, Inc, was supported by the affidavit of its president, Kenneth Kemper, and a copy of the Kemper "house inspection report."

■ The Kemper evidentiary materials in effect stated that Kemper had reported all readily discernable defects in the roof and that it was not negligent.

Plaintiffs failed to file any evidentiary materials showing that Kemper was negligent. It follows that the plaintiffs' second assignment of error should be overruled.

The Burnaps' only assignment of error states:

"The trial court erred in denying [the] Burnaps' motion for attorney fees claimed under R.C. 2323.51(A)(2)(b)."

■ The Burnaps state that the plaintiffs engaged in "frivolous conduct" by filing the complaint in this case because the filing of the action is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

The Burnaps contended that the case is on all fours with *Layman v. Binns.* We disagree.

The defect in the *Layman* case was a bulging basement wall which was observable along with the I-beams which supported the wall. In the case before us only plaster water marks were observable. The plaster marks were evidence of a leaking roof but not defects which were not otherwise observable.

The Burnaps' assignment of error is overruled.

We reverse the order of the trial court granting the Burnaps summary judgment. We affirm the orders of the trial court granting Kemper summary judgment and overruling the Burnaps' motion for attorney fees.

We remand the cause for further proceedings.

*Judgment accordingly.*

Brogan, P.J., and Fain, J., concur.

Richard K. Wilson, J., retired, of the Second Appellate District, sitting by assignment.