JOURNAL ENTRY AND OPINION
Plaintiffs Elwyn and Diane Mehlman appeal from the judgment of the trial court which granted summary judgment to defendant Ruth Burns in plaintiffs' action for breach of contract and fraud. For the reasons set forth below, we affirm.
On December 2, 1996, plaintiffs agreed to purchase defendant's residential property located at 533 Glen Park Drive in Bay Village. It is undisputed that the property did not have a garage at the time the premises were listed for sale and sold.
On January 27, 1998, plaintiffs filed this action against defendant and asserted that she had breached the terms of the purchase agreement and that she had acted fraudulently in failing to disclose code violations and patent and latent defects which allegedly existed at the premises. Plaintiffs asserted that defendant failed to inform them that one of the trees on the property was diseased and that a garage was required at the premises.
Defendant denied liability and asserted that the claims were barred by accord and satisfaction because the price of the property was reduced by $4,000 to reflect the fact that there was no garage. Defendant also filed a third party complaint against Lake Realty, Inc. ("Lake Realty") and its agent, Ali McAdams, and attorney Richard Martinez. Defendant asserted that Lake Realty breached its duties owed to her in connection with the sale of the property. Defendant further alleged that Martinez disclosed confidential matters to plaintiffs. The trial court subsequently dismissed the third party claims against Lake Realty and McAdams for failure to state a claim.
On January 4, 1999, defendant filed a motion for summary judgment in which she demonstrated that she provided a $4,000 rebate to the purchasers because there was no garage. She further demonstrated that approximately ten months before selling the premises, the trees were examined and trimmed. On March 12, 1999, the trial court entered summary judgment for defendant. The trial court determined that the lack of a garage was an open and obvious defect and that the city code provision requiring a garage is public, knowledge of which is imputed to plaintiffs. The court also indicated that plaintiffs failed to present a genuine issue for trial.
On April 20, 1999, defendant dismissed her third party claim against Martinez pursuant to Civ.R. 41(A). Plaintiffs now appeal and assign two errors for our review.
Plaintiffs' assignments of error are interrelated and state:
 THE TRIAL COURT ERRED IN FINDING THAT KNOWLEDGE OF PUBLIC RECORDS ARE CHARGED TO ALL CITIZENS.
 THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFFS HAD THE BURDEN UNDER RULE 56 OF THE OHIO RULES OF CIVIL PROCEDURE TO SHOW A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO FRAUD.
Within these assignments of error, plaintiffs assert that the trial court erroneously allocated the burden of establishing that there are no genuine issues of material fact. Plaintiffs also contend that because defendant informed them that there were no code violations at the premises, it is irrelevant that the missing garage was open and obvious. We reject both contentions.
With regard to procedure, we note in order for summary judgment to be properly rendered, it must be determined that:
 (1) No genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made; that conclusion is adverse to the party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. See, also, State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,448. The burden of establishing that there are no genuine issues of material fact to be litigated is upon the party moving for summary judgment. Turner v. Turner (1993), 67 Ohio St.3d 337,340. If the moving party meets this burden, the non-moving party must then produce evidence pursuant to Civ.R. 56 setting forth specific facts which show that there is a genuine triable issue.State ex rel. Zimmerman v. Tompkins, supra, at 449.
With regard to claims arising from structural defects in real estate, the Supreme Court in Layman v. Binns (1988), 35 Ohio St.3d 176, syllabus, held:
 The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor.
In Traverse v. Long (1956), 165 Ohio St. 249, 252, the Court explained the rule as follows:
 The principle of caveat emptor applies to sales of real estate relative to conditions open to observation. Where those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud.
The elements which must be shown to prove a claim for fraud are:
 (a) a representation or, where there is a duty to disclose, concealment of a fact,
(b) which is material to the transaction at hand,
 (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
 (d) with the intent of misleading another into relying upon it,
 (e) justifiable reliance upon the representation or concealment, and
(f) a resulting injury proximately caused by the reliance.
Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 475, citingCohen v. Lamko, Inc. (1984), 10 Ohio St.3d 167, 169. Failure to establish any of these elements is fatal to a plaintiff's case and precludes recovery. See Burr v. Stark Cty. Bd. of Commrs. (1988)23 Ohio St.3d 69, paragraph two of the syllabus.
In this matter, the trial court properly determined that the moving party, defendant, demonstrated that there were no genuine issues of material fact and that plaintiffs failed to produce evidence to indicate that there were triable issues.
That is, defendant presented evidence that it was obvious that there was no garage on the premises and that she offered a $4,000 rebate to the purchasers for this reason. Plaintiffs acknowledged that they were aware that there was no garage and did not refute their receipt of the rebate. The trial court also correctly determined that, as a matter of law, no fraud occurred in connection with this claim because the issue of whether a garage is required by city code is a matter of law, knowledge of which is chargeable to plaintiffs. For "[i]t is an ancient maxim that all are conclusively presumed to know the law." State v. Pinkney
(1988), 36 Ohio St.3d 190, 198.
As to plaintiffs' claim regarding the tree, defendant presented evidence that the trees were professionally cared for in the year during which the house was sold and that the tree which is the subject of this matter was actually cut down in 1984. In opposition, plaintiffs failed to present evidence that the condition of the tree was not readily observable or discoverable through reasonable inspection and also failed to present evidence that defendant made fraudulent misrepresentations concerning the tree. The trial court therefore correctly granted summary judgment to defendant and did not misapply Civ.R. 56.
The assignments of error are not well-taken and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellants her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, J., AND SWEENEY, J., CONCUR.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE