LAYMAN, A.K.A. LAYMANN, ET AL., APPELLEES, *v.* BINNS ET AL., APPELLANTS.

[Cite as Layman *v.* Binns (1988), 35 Ohio St. 3d 176.]

(No. 87-124—Decided February 24, 1988.)

*Pratt, Hemm & Kindell* and *Robert A. Pratt,* for appellees.

*H. Fred Hoefle,* for appellants.

HERBERT R. BROWN, J. The determinative issue raised on appeal is whether recovery is barred by application of the doctrine of *caveat emptor* (let the buyer beware). We find that it is for the reasons set forth below.

The doctrine of *caveat emptor,* although virtually abolished in the area of personal property, remains a viable rule of law in real estate sales. 7 Williston, Contracts (Jaeger 3 Ed. 1963) 779, Section 926; Friedman, Contracts and Conveyances of Real Property (4 Ed. 1984) 37, Section 1.2(n); Kafker, Sell and Tell: The Fall and Revival of The Rule on Nondisclosure in Sales of Used Real Property (1986), 12 U. Dayton L. Rev. 57, 58-63.

In *Traverse* v. *Long* (1956), 165 Ohio St. 249, 252, 59 O.O. 325, 326-327, 135 N.E. 2d 256, 259, this court articulated the rule as follows:

"The principle of *caveat emptor* applies to sales of real estate relative to conditions open to observation. Where those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud. * * *" (Citations omitted.)

The doctrine of *caveat emptor* is one of long standing. Since problems of varying degree are to be found in most dwellings and buildings, the doctrine performs a function in the real estate marketplace. Without the doctrine nearly every sale would invite litigation instituted by a disappointed buyer. Accordingly, we are not disposed to abolish the doctrine of *caveat emptor*. A seller of realty is not obligated to reveal all that he or she knows. A duty falls upon the purchaser to make inquiry and examination.

To make the doctrine operate fairly, courts have established certain conditions upon the rule's application. We summarize and adopt these conditions as follows: (1) the defect must be open to observation or discoverable on reasonable inspection, (2) the purchaser must have an unimpeded opportunity to examine the property and (3) the vendor may not engage in fraud. We measure the case before us against these requirements.

I

The defect here was open to observation. Mr. Layman (one of the purchasers) saw the steel bracing that supported the defective wall. The Laymans contend that Mr. Layman was not an expert and should not be held to have knowledge of the defect simply because he saw a symptom of it. If the issue were the cause of the defect or the remedial effectiveness of the

beams, we might agree. However, the test is whether the defect was open to observation. Here, witnesses who viewed the basement detected the bow and steel beams with little effort. The defect was described as obvious and highly visible. The basement wall was bulging.

## II

The purchasers had an unhindered opportunity to examine the basement. Mr. Layman saw the steel beams, yet failed to inspect the wall in detail or to ask about the purpose of the beams. The purchasers had a duty to inspect and inquire about the premises in a prudent, diligent manner. See *Traverse* v. *Long, supra,* at 252, 59 O.O. at 326-327, 135 N.E. 2d at 259; *Foust* v. *Valleybrook Realty Co.* (1981), 4 Ohio App. 3d 164, 4 OBR 264, 446 N.E. 2d 1122.

## III

This brings us to the final, and pivotal, question. On the facts in this case, did the vendors engage in fraud?

The purchasers admit that no active misrepresentation or misstatement of material fact was made. However, they argue that failure to disclose the bow in the wall constituted fraudulent concealment.

An action for fraud may be grounded upon failure to fully disclose facts of a material nature where there exists a duty to speak. 37 American Jurisprudence 2d (1968) 196-201, Fraud and Deceit, Sections 144 and 145. This court has held that a vendor has a duty to disclose material facts which are latent, not readily observable or discoverable through a purchaser's reasonable inspection. *Miles* v. *McSwegin* (1979), 58 Ohio St. 2d 97, 12 O.O. 3d 108, 358 N.E. 2d 1367. See, also, *Hadley* v. *Clinton Cty. Importing Co.* (1862), 13 Ohio St. 502, 506; *Klott* v. *Associates Real Estate* (1974), 41 Ohio App. 2d 118, 121-122, 70 O.O. 2d 129, 131-132, 322 N.E. 2d 690, 692-693. Other jurisdictions adhere to a similar rule.[1]

The non-disclosure in this case does not rise to the level of fraud for the reason that the defect here was not latent. It could have been detected by inspection. Thus, the purchasers must show an affirmative misrepresentation or a misstatement of a material fact in order to demonstrate fraud and thereby preclude application of the doctrine of *caveat emptor*. This, they failed to do.

## IV

We hold that the doctrine of *caveat*

---

[1] See, *e.g.*, *Lingsch* v. *Savage* (1963), 213 Cal. App. 2d 729, 29 Cal. Rptr. 201; *Cohen* v. *Vivian* (1960), 141 Colo. 443, 349 P. 2d 366; *Wedig* v. *Brinster* (1983), 1 Conn. App. 123, 469 A. 2d 783, certiorari denied (1984), 192 Conn. 803, 872 A. 2d 1284; *Lock* v. *Schreppler* (Del. Super. 1981), 426 A. 2d 856; *Johnson* v. *Davis* (Fla. 1985), 480 So. 2d 625; *Wilhite* v. *Mays* (1976), 140 Ga. App. 816, 232 S.E. 2d 141, affirmed (1977), 239 Ga. 31, 235 S.E. 2d 532; *Bursey* v. *Clement* (1978), 118 N.H. 412, 387 A. 2d 346; *Posner* v. *Davis* (1979), 76 Ill. App. 3d 638, 32 Ill. Dec. 186, 395 N.E. 2d 133; *Loghry* v. *Capel* (1965), 257 Iowa 285, 132 N.W. 2d 417; *Jenkins* v. *McCormick* (1959), 184 Kan. 842, 339 P. 2d 8; *Kaze* v. *Compton* (Ky. 1955), 283 S.W. 2d 204; *Maguire* v. *Masino* (La. App. 1975), 325 So. 2d 844; *Williams* v. *Benson* (1966), 3 Mich. App. 9, 141 N.W. 2d 650; *Weintraub* v. *Krobatsch* (1974), 64 N.J. 445, 317 A. 2d 68; *Taylor* v. *Heisinger* (1963), 39 Misc. 2d 955, 242 N.Y. Supp. 2d 281; *Brooks* v. *Ervin Constr. Co.* (1960), 253 N.C. 214, 116 S.E. 2d 454; *Holcomb* v. *Zinke* (N.D. 1985), 365 N.W. 2d 507; *Lawson* v. *Citizens & So. Natl. Bank of S.C.* (1972), 259 S.C. 477, 193 S.E. 2d 124; *Ware* v. *Scott* (1979), 220 Va. 317, 257 S.E. 2d 855; *Obde* v. *Schlemeyer* (1960), 56 Wash. 2d 449, 353 P. 2d 672; *Thacker* v. *Tyree* (W. Va. 1982), 297 S.E. 2d 885.

*emptor* precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the full and unimpeded opportunity to examine the premises, and (3) there is no evidence of fraud on the part of the vendor. The judgment of the court of appeals is reversed and final judgment is hereby entered in favor of appellants.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

LOCHER, J., concurs in part and dissents in part.

LOCHER, J., concurring in part and dissenting in part. Although I have no quarrel with the law expressed in the syllabus, I cannot concur in its application by the majority to the facts of this case.

In my view, the trial court properly found that the structural defect in the basement wall was not readily apparent upon reasonable inspection by persons inexperienced in such matters, like the Laymans. The observability or discoverability of such a defect is a factual issue best resolved by the trier of fact, who has firsthand exposure to the evidence and can observe the demeanor of the witnesses. This is especially true where there is conflicting testimony, because the trier of fact is best able to evaluate the credibility of the testimony.

In the case *sub judice,* there was conflicting testimony as to the observability of the defect. On the one hand, there was testimony that the bow in the basement wall was very slight, varying from only one to three inches in depth. So inconspicuous was the defect that the Laymans' sales agent, Ramona Olding, did not notice it even though she showed the house twice.[2] Mr. Layman testified that he saw steel bracing on the wall, but merely assumed that it was part of the structure of the house. On the other hand, there was testimony by expert witnesses in the areas of real estate construction, appraisal and sales to the effect that they thought the bow in the wall was obvious and plainly visible.

The trial court, after reviewing all the testimony and evidence, found that the defect was not observable upon reasonable inspections by purchasers such as the Laymans. The majority, however, fails to give due deference to the trial court's findings, choosing instead to reweigh the evidence and come to its own conclusion. In doing so, the majority usurps the role of the trial court. I would uphold the trial court's judgment as being supported by some competent, credible evidence. See, *e.g., C. E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578, syllabus.

Furthermore, the majority's analysis applies an unreasonably high standard for the purpose of determining whether the Laymans should have observed or discovered the defective wall. In concluding that the defect was open to observation, the majority states that "witnesses who viewed the basement detected the bow and steel beams with little effort." These witnesses were persons with experience in

[2] Mr. Binns informed his realtor of the defect and instructed him to tell the Laymans about the problem. However, the realtor failed to bring this information to the attention of either the Laymans or their agent, Ramona Olding.

the construction, appraisal and sales of homes. However, the standard by which purchasers of real property should be measured in order to determine whether they should have observed or discovered a structural defect is that of "ordinarily prudent persons of their station and experience confronted with the same or similar circumstances." *Traverse* v. *Long* (1956), 165 Ohio St. 249, 252, 59 O.O. 325, 326, 135 N.E. 2d 256, 259. See, also, *Crum* v. *McCoy* (1974), 41 Ohio Misc. 34, 38, 70 O.O. 2d 76, 79, 322 N.E. 2d 161, 164. Because the Laymans have little or no experience in the construction or buying of homes, it is simply unreasonable to compare them to persons with specialized knowledge in the fields of construction and real estate, as opposed to ordinarily prudent persons of like experience. Accordingly, I would affirm the trial court's judgment that persons of the Laymans' experience would not have discovered the defect upon reasonable inspection.

For these reasons, I respectfully dissent.