**Adkins v. Ransom**
*[Cite as 5 AOA 261]*

*Case No. 89AP-638, 89P-694*

*Franklin County, (10th)*
*Decided July 24, 1990*

*William R. Cromley, for Plaintiffs.*

*William N. Postlewaite and Charles F. O'Brien,
Postlewaite & O'Brien, for Defendant.*

BOWMAN, J.

On May 26, 1985, plaintiffs, Corbit and Carolyn Adkins, entered Into a real estate purchase contract with defendant, Frank Ransom, for the purchase of real property known as 6444 Havens Corners Rd. The closing was held on June 28, 1985.

After the closing, Corbit Adkins asked defendant the location of the septic tank which serviced the property and, in response, defendant pointed to the west side of the property. On August 5, 1985, approximately three weeks after plaintiffs moved into the house, the septic tank backed up through the bathroom causing raw sewage to fill the bathtub and commode. After having the septic tank cleaned and pumped out, plaintiffs discovered that the septic tank was not located on their property but six feet on the adjacent property. After having the septic tank pumped out two more times, plaintiffs asked the Board of Health what could be done about their septic system, and the Board of Health recommended that plaintiffs install an aeration system. In addition, the Board of Health required that the aeration system be installed on plaintiffs' property. Thereafter, plaintiffs installed an aeration system on their own property.

On April 21, 1987, plaintiffs filed a complaint against defendant alleging misrepresentation and breach of contract in the sale of the real property. Defendant answered and the parties agreed to have the case referred to arbitration. An arbitration report and award was filed on September 26, 1988, and on October 24, 1988, plaintiffs filed a notice of appeal. The case was tried to the court and, at the close of plaintiffs' case, defendant moved to dismiss the complaint. The trial court sustained the motion, except the court found credible evidence was presented regarding the cost of re-piping the plumbing to the sewer in the amount of $400, and regarding the cost of purchasing drapes of the same quality required by the contract in the amount of $257.

Plaintiffs now bring this appeal and assert the following assignments of error:

"1. THE TRIAL COURT ERRED IN APPLYING THE DOCTRINE OF CAVEAT EMPTOR TO PRECLUDE APPELLANT'S [sic] RECOVERY IN THAT THERE WAS A LATENT DEFECT IN THE REAL PROPERTY PURCHASED BY APPELLANTS.

"2. THE TRIAL COURT ERRED IN DETERMINING THAT THERE WAS NO BREACH OF THE REAL ESTATE PURCHASE CONTRACT.

"3. THE TRIAL COURT'S FINDING THAT THERE WAS NO EVIDENCE PRESENTED THAT THE SELLER KNEW OR SHOULD HAVE KNOWN THAT THE SEPTIC SYSTEM WOULD NOT LAST MUCH LONGER AFTER THE SALE OF THE PROPERTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

In their first assignment of error, plaintiffs assert that the trial court erred in applying the doctrine of caveat emptor to preclude plaintiffs' recovery since the court found there was a latent defect in the property they purchased.

In *Layman v. Binns* (1988), 35 Ohio St. 3d 176, the court held at the syllabus:

"The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. (*Traverse v. Long*

[1956], 165 Ohio St. 249, 59 0.0. 325, 135 N.E. 2d 256, approved and followed.)"

In this case, plaintiffs are not precluded from recovering for the structural defect in the real estate because the septic tank was not open to observation, nor was the Problem with it discoverable upon reasonable inspection. In addition, plaintiffs did not have an unimpeded opportunity to examine the septic tank because defendant did not know precisely where it was located and, in fact, did not even know the septic tank was not located on the property. Defendant knew or should have known the location of the septic tank and he should have disclosed the location, as well as the fact that it had not been cleaned or maintained for twenty-eight years, to plaintiffs. Defendant had a duty to disclose material facts which were not readily observable or discoverable through a purchaser's reasonable inspection, and his failure to do so constitutes fraud. See *Miles v. McSwegin* (1979), 58 Ohio St. 2d 97.

The three factors which, pursuant to Layman, supra, must be present in order to preclude plaintiffs from recovery were not present in the instant case and, thus, the trial court erred in finding that *caveat emptor* was applicable. See *Traverse v. Long* (1956), 165 Ohio St. 249. Plaintiffs' first assignment of error is well-taken.

In their second assignment of error, plaintiffs assert that the trial court erred in its determination that there was no breach of the real estate purchase contract.

Paragraph nine of the real estate purchase contract provides:

"Inspections: Before closing, Seller shall furnish and pay for a written health department report showing in essence that any well and/or *on-site sewage disposal system* now in use is in safe operating condition and is not a health hazard. Seller warrants that, at time of closing, water is available in sufficient quantities for ordinary house-hold purposes." (Emphasis added.)

The evidence indicates that the Franklin County District Board of Health performed a water and sewage inspection of the property and the sewage inspection part of the form states that it was approved under the condition that the water from the washing machine must go to the septic tank. In addition, the form states:

"Aeration-*no*
"Septic Tank-*yes, unknown size & location*
"Leachbed-*yes*"
"Evapo-*no*
"Comments: *toilet flush ok. owner states no problem with septic system.*"

The written inspection form does not indicate that there is an on-sight sewage disposal system in use that is in safe operating condition and is not a health hazard. In fact, the form indicates that there is a septic tank, of an unknown size and location, with which the owner has not had a problem. Consequently, the health department report which defendant was to provide does not comply with the requirements of the real estate purchase contract. Therefore, defendant breached the contract and the trial court erred when it found otherwise. Plaintiffs' second assignment of error is well-taken.

In their third assignment of error, plaintiffs assert that the trial court's finding that there was no evidence that defendant knew or should have known that the septic tank would not last much longer was against the manifest weight of the evidence.

Defendant testified that he did not know the precise location of the septic tank and that he had not cleaned or maintained it for twenty-eight years. Defendant also testified that he never read any literature or made any investigation as to the care and maintenance of the septic tank system, nor did he ever contact, any septic companies regarding how he should care for and maintain the system. He also testified that two years prior to the sale of the property, he only spent half of his time at the property due to the fact that he had married and he lived with his wife in her home.

From the foregoing, this court finds that the trial court's finding regarding defendant's knowledge, or lack thereof, regarding the septic system was not against the manifest weight of the evidence. Defendant's testimony is clear and uncontroverted that he did not know anything about the septic system. Plaintiffs' third assignment of error is not well-taken.

Defendant has filed a cross-appeal and asserts the following assignment of error:

"The Trial Court erred in finding that Appellee was responsible for the $400.00 that Appellants paid to Kauffman Pump Services."

In his cross-assignment of error, defendant contends that there was no evidence presented as to the cost of connecting the wash water to the septic tank and that defendant should not have to bear the expense of $400 to re-route the plumbing in the basement to accommodate the new aeration system.

In light of our disposition of plaintiffs' assignments of error that defendant had a duty to disclose the location and condition of the septic

system and that defendant breached the real estate purchase contract, this court finds that the trial court did not err in determining that defendant was responsible for the cost of re-routing the plumbing to comply with the mandate of the health department report that the water from the washing machine was to go to the septic tank. Accordingly, defendant's cross-assignment of error is not well-taken.

Plaintiffs' first and second assignments of error are sustained and plaintiffs' third assignment of error is overruled. Defendant's cross-assignment of error is also overruled. The judgment of the trial court is reversed and this cause is remanded.

*Judgment reversed and
cause remanded.*

REILLY, P.J., and MAHONEY, J., concur.

MAHONEY, J., retired of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.