I concur as to the majority's affirmance of the trial court's award of summary judgment on behalf of the Seller and dissent as to Baker Realty.
The Supreme Court of Ohio has held:
 The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor.
(Citations omitted). Layman v. Binns (1988), 35 Ohio St.3d 176, syllabus.
Moreover, an "as is" disclaimer clause in a real estate purchase agreement bars suit for passive non-disclosure, but does not protect a seller from action alleging positive misrepresentation or concealment. Vecchio v. Kehn (Aug. 18, 1994), Cuyahoga App. No. 66067, unreported.
Construing the facts in a light most favorable to Appellants, it appears as if Baker Realty's agent Patricia Fischer made several inaccurate and misleading statements in an attempt to culminate a sale. Whether the agent made the representations knowing that they were false, or with a reckless disregard of their truth or falsity, the effect was the same. A realtor and its agents have a duty not to assert as fact matters as to which they have no knowledge. See Pumphrey v. Quillen (1956), 165 Ohio St. 343, paragraphs one and two of the syllabus. Making uniformed, erroneous and deceptive statements clearly constitutes an element of fraudulent misrepresentation.
As I feel issues of material fact remain, I would reverse as to Appellee Baker Realty.