DISSENTING OPINION
I must respectfully disagree with the majority as I would vacate the trial court's entry of judgment in favor of plaintiffs-appellees and enter judgment in favor of defendant-appellant as there was insufficient evidence, as a matter of law, properly before the trial court to support a finding that the appellant engaged in fraudulent concealment of a known defect prior to the transfer of the residence at issue from the appellant to the appellees.
As the majority opinion recognizes, in order to overcome the common law doctrine of caveat emptor, a buyer must show that a seller or agent committed fraud. Layman v. Binris (1988),35 Ohio St.3d 176, 177; Belluardo v. Blankenship (June 4, 1998), Cuyahoga County App. No. 72601, unreported. The elements of fraudulent concealment are: (1) a material concealment, (2) knowingly concealed, (3) with the intent of misleading another into relying upon it, (4) reliance, with a right to do so, upon the concealment by the party claiming injury, and (5) injury resulting from the reliance. Belluardo v. Blankenship,supra; Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54,55.
In the instant case there was never any evidence introduced at trial showing a material and knowing concealment by the appellant. The appellees moved the couch which was covering the area where the water damage occurred soon after moving into the residence. Nevertheless, the appellees did not notice the dampness for nearly another full year. How then can it be presumed that the appellant must have had knowledge, prior to the sale, of a condition that the appellees did not notice for an entire year, despite the fact that the area was in plain view to the appellees, but had been covered by a large sectional couch during the time that the appellant occupied the house. Additionally, one of the appellees, Antoinette Marquard, testified that she only noticed the dampness because she was walking in the affected area of the basement in her bare feet. Thus, it can be inferred that even when the couch was removed, the water problem was not immediately visible to the naked eye.
In the case of Belmer v. Petrella (May 31, 1994), Richland App. No. 93-CA-96-2, unreported, the court stated:
 Rather than accept personal responsibility for their decisions, many people are quick to look for someone else to blame when things go wrong. The doctrine of caveat emptor is intolerant of that tendency in disgruntled home buyers[.]
In Layman v. Binns, supra, the Ohio Supreme Court reaffirmed the role of the doctrine of caveat emptor in the regulation of the real estate marketplace:
 The doctrine of caveat emptor is one of long standing. Since problems of varying degree are to be found in most dwellings and buildings, the doctrine performs a function in the real estate marketplace. Without the doctrine nearly every sale would invite litigation instituted by a disappointed buyer. Accordingly we are not disposed to abolish the doctrine of caveat emptor. A seller of realty is not obligated to reveal all he or she knows. A duty falls upon the purchaser to make inquiry and examination. Layman v. Binns (1988), 35 Ohio St.3d 176, 177.
Even if the appellees had established that there was a false and material representation made to them as to the condition of the basement by either the appellant or her agent, their claim would still fail because of their inability to demonstrate justifiable reliance on the representation or concealment. A party seeking damages for fraudulent concealment must show justifiable reliance on the concealed matter. Gaines v.Preterm-Cleveland, Inc., supra. No such reliance is shown here because the appellees independently exercised their option to inspect the property. Belluardo v. Blankenship, supra.
"A buyer cannot be said to have justifiably relied upon representations made by the seller where the purchase agreement is clearly contingent upon the inspection rather than any alleged representations." Massa v. Genco (Mar. 1, 1991), Lake Cty. App. No. 89-L-14-162, unreported.
In this case the appellees chose to have an independent inspection of the property performed by an expert, rather than rely on the alleged representations of the appellant. There is no evidence that the inspection was in any way impeded by the appellant. The inspector recommended some minimal repairs to a detached down spout that, if performed, may have prevented the water damage to the subject property. The appellees' inspector also put them on notice that the sloping of the soil on the property and along the foundation of the house needed to be adjusted in order to "reduce the chance of water penetration and foundation structural concerns." The appellees nonetheless chose not to undertake the recommended repairs.[1]
By retaining the services of an expert inspector and by making the sale contingent on the inspection, rather than on the alleged representations of the appellant, the appellees affirmatively demonstrated that they were not relying on the representations of the appellant as to the condition of the premises. Therefore, there was no justifiable reliance on the part of the appellees.
In light of the foregoing, it is impossible, in my view, to conclude that there was sufficient evidence to establish the elements of fraudulent representation. Therefore, the appellees' recovery should have been barred by the doctrine of caveat emptor.
I also differ from the majority's analysis of the issue found in the first assignment of error of whether the appellees plead fraud in this case with sufficient particularity. The only "complaint" in the record in this case is a one-paragraph "statement of claim" filled out by the appellees when they originally filed the case pro se in the small claims division. This statement of claim does not include a claim for fraud. The appellees were granted leave by the court to amend their complaint, but failed to do so. It is not apparent from the record why the appellees failed to comply with the court's order granting them leave to amend. Yet, it is apparent that the appellant was prejudiced by the failure to properly plead fraud because it was impossible from the complaint for the appellant to know what alleged misrepresentation the appellees claimed they were induced to rely on. This necessarily resulted in the appellant being prevented from being able to adequately prepare a defense prior to trial.
Finally, I would also sustain the appellant's third assignment of error, dealing with the trial court's reliance on stricken testimony in its oral findings of facts. The testimony in question was proffered by Kenneth Marguard, and was to the effect that a "friend" of the appellant, who had been present at the time that the appellees initially toured the house, had represented to him that there were no water problems in the basement and that appellees had relied on this representation despite the fact that they later retained an expert for the purpose of, among other purposes, examining the basement for evidence of water damage. The trial court properly struck this testimony as impermissible hearsay, but then proceeded to base its decision on the stricken testimony.
Initially, there was absolutely no evidence in the record that "Mr. Deak" was authorized to make a representation as to the condition of the basement. Secondly, the majority misperceives the record when it states that "[e]ven if the trial court improperly considered the statements of Mr. Deak, the error was harmless." In its findings of fact the trial court stated the following:
 But the fact remains that [the water problem] was there and the fact remains that there was response (sic) to Plaintiffs' questions with regard to it and I'm going to say to you that somebody was there made (sic) some specific representation with regard to questions. And I'm not questioning that you were a meticulous homeowner and that you upgraded your former home.
* * *
 I do believe that this is a case of a latent defect; I do believe that when you have something underneath carpeting that that is a latent defect. And once the statement was made that there was no problem and that there was a representation there I believe made with utter disregard and recklessness as to whether it was true or false or not there is a problem.
* * *
 And I do have to say, though, with Mr. Deak's being there and questions being, you know, responded to and representations made, that I do feel it incumbent upon the Court (sic) to give Plaintiff damages of $2,150.00. * * * And I believe that a person indicated that there was absolutely no problem in response to showing and then the problem developed. (Emphasis added.)
Thus, I believe that it is clear from the trial court's findings on the record that it relied almost exclusively on the testimony of Paul Deak in support of its finding that the appellant committed fraud by making an affirmative misrepresentation as to the condition of the home with the intention of misleading the appellees into relying upon it. Given that the testimony of Kenneth Marquard had been stricken from the record this was clearly impermissible.
The majority states that "the rules of evidence are inapplicable in small claims court, and hearsay statements may be admissible." The admissibility of Mr. Marquard's statements as to his encounter with Mr. Deak are not at issue here. The trial court sustained the objection to this testimony at trial. Therefore, these statements were not part of the evidence properly before the court. Furthermore, the trial court transferred this case from the small claims docket to the general docket on January 6, 1998, near the time that the appellees were given leave to amend their complaint to properly state a claim for fraud. The case was never transferred back to the small claims docket. The transcript of the trial in the instant matter is 435 pages long. Both the appellant and the appellees were represented by counsel at trial and, during the majority of proceedings prior to trial. The only reason that the case was originally assigned to the small claims docket is that the appellees initially filed the suit pro se. Once the appellant's counsel filed an answer (along with a motion to transfer the case to the general docket) and the appellees obtained legal counsel, there was absolutely no reason for the case to remain in the small claims division.
The majority cites Turner v. Sinha (1989), 65 Ohio App.3d 30
in support of its assertion that the Rules of Evidence were not applicable. The plaintiff-appellee in Turner was pro se and the disputed testimony concerned an alleged diagnosis of her dog at the local veterinary hospital. The court reasoned that:
 The small claims division is a "layman's forum" and a judge or referee, while exercising some discretion "should not deny a layman justice through the formalistic application of the law of evidence." Staff Note to Evid.R. 101. * * *
 This is the type of case for which the small claims courts were designed and we believe that formalistic application of the hearsay rules in this case would undermine the goal's of the layman's forum. Turner had no expertise and her only alternative would be to subpoena the veterinarians into court. To require her to do so would place an undue burden on her and other small claims litigants similarly situated. Turner v. Sinha, supra,
at 33-34.
The facts of the instant case differ markedly from those in Turner. The litigants in this case were in no way "similarly situated" to those in Turner, but rather were each represented by experienced counsel throughout the trial. The "layman's forum" rationale for discarding the Rules of Evidence was not applicable, even if the case had not been transferred from the small claims docket. Therefore, I would sustain the appellant's third assignment of error.
It is a serious stigma to a person's reputation when a tribunal makes a determination that the person has engaged in fraudulent and dishonest behavior. Such determinations must not be reached lightly, but rather should be made with discretion and caution.
I believe that the majority's decision invites litigation by failing to apply the long standing doctrine of caveat emptor to a situation where it should have clearly been a defense. Additionally, the record is deplete of any evidence that the appellant made a material misrepresentation with knowledge of its falsity or that the appellees were justified in their purported reliance thereon. Accordingly, I would reverse the judgment of the trial court and enter judgment for the appellant.
[1] Appellee, Antoinette Marquard, testified at trial that "we were so concerned about this because it had been a problem in our previous home and that we would be extremely upset if this basement were to have water problems." It is interesting that given this "extreme concern" the appellees would 1) not bother to take basic precautionary measures recommended by their inspector, and 2) rely on the representation of a friend of the owner who did not live in the house and was not in a position to know the condition of the home.