JOURNAL ENTRY AND OPINION
Appellants, Thomas and Ann Peach, appeal from the judgment of the Cuyahoga County Court of Common Pleas, granting summary judgment in favor of appellees, Richard Love, Jr. and Lisa Love.
On approximately July 15, 1997, the parties entered into a purchase agreement whereby appellees agreed to sell the property located at 8011 Southington Drive, Parma, Ohio to appellants. The purchase agreement included an as is clause, which provided, in part: This sale is `AS IS.' SELLER makes no representation express or implied as to value, condition, quality, quantity, boundary, use or any other matter. A document entitled Residential Property Disclosure Form was attached to the purchase agreement. On that disclosure form, appellees answered yes to the following question:
 (D) Basement/Crawl Space: Do you know of any current water leakage, water accumulation, excess dampness or other defects with the basement/crawl space?
In describing the condition of the basement, appellants stated: water occasionally seeps through block behind washer and under steps after rain. Before agreeing to purchase the home, appellants exercised their opportunity to obtain a home inspection. On July 17, 1997, R.T. Ackerman, P.E. of Ackerman Engineers performed an inspection on the property. His inspection report included the following information:
 (1) There is evidence of past leaking into the basement area from the bathroom.
 (2) The basement floor is severely cracked and heaved in all areas. * * * Such cracking and heaving is often due to hydraulic pressure that occurs from rising ground water. This can occur if the exterior foundation drains are either non-existent or not functioning properly and/or if the city sewer system was not working properly or of adequate capacity. * * * You may want to check with the city service or building department, neighbors, etc., to see if they are aware of any current problems or if a newer sewer system has been installed sometime within the past five to ten years or so.
 (3) The owner indicates that there is some occasional seepage around the laundry room wall. It may be possible to correct exterior conditions with regards to ground slope, addition of a window well, etc. This may not completely stop the seepage, however. If you would require complete dryness, excavation could become necessary.
After completion of the home inspection, appellants proceeded with the purchase of the property.
On November 4, 1999, appellants filed a complaint against appellees for fraudulent misrepresentation. Appellants alleged that appellees had misrepresented the structural integrity of the premises by intentionally concealing the material and significant multiple water leaking defects in the basement area of the house. Appellants sought damages in the amount of $20,000 for improvements made to the basement, as well as $400,000 in punitive damages, and they sought recession of the purchase agreement.
On June 27, 2000, appellees filed a motion for summary judgment. In their motion, appellees argued that they were entitled to summary judgment because appellants purchased the house as is, and the inspection report and disclosure form disclosed a water problem in the basement. The trial court granted appellees' motion for summary judgment on August 11, 2000. On September 5, 2000, appellants filed a motion for reconsideration, which was denied by the trial court. From the trial court's grant of summary judgment, appellants assign the following error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT.
In their sole assignment of error, appellants contend that summary judgment was improperly granted against them because appellees misrepresented both the location and the amount of water leaking into the basement. They also contend that appellees fraudulently concealed the basement walls so that appellants and the inspector they hired were unable to discover the severity of the water leakage problem.
Summary judgment is inappropriate unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the nonmoving party. In reviewing a motion for summary judgment, the evidence must be construed in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 47, 517 N.E.2d 904. Summary judgment may be granted only where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
The doctrine of caveat emptor governs this case. As stated by this court in Belluardo v. Blankenship (June 4, 1998), Cuyahoga App. No. 72601, unreported:
 The doctrine of caveat emptor is designed to finalize real estate transactions by preventing disappointed real estate buyers from litigating every imperfection existing in residential property. Layman v. Binns (1988), 35 Ohio St.3d 176, 177, 519 N.E.2d 643. To that end, the doctrine applies to preclude recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor.
 Id., syllabus; Czarnecki v. Basta (1996), 112 Ohio App.3d 418, 422-23, 679 N.E.2d 10.
In the case sub judice, the condition of the basement was discoverable upon reasonable inspection, the purchasers had the opportunity to examine the premises, and the sellers did not commit fraud. Appellants were on notice that they were buying a house with a leaky basement. Appellees told appellants that water seeps into the basement. Appellants hired an inspector to examine the property, and he told them that the basement had water problems. Despite appellees' disclosures and the report from the housing inspector, appellants chose to purchase the house as is. Based upon these facts, appellants have no case against appellees for fraudulent misrepresentation.
The facts in this case are analogous to the facts in Belluardo. In that case, the purchasers of a home sought damages for fraudulent misrepresentation from the sellers after they discovered, shortly after the sale of the home, that water and raw sewage were leaking into the basement. Like appellants in this case, the buyers purchased the home as is even though the home inspection revealed problems with the basement walls. This court held that the trial court properly granted summary judgment in favor of the sellers on the buyers' claim of fraudulent misrepresentation. Id.
Based upon the facts in this case and the applicable case law, we cannot conclude that the trial court erred by granting summary judgment in favor of appellees because there is no genuine issue of material fact for trial. Appellants' sole assignment of error has no merit and is overruled.
For the foregoing reasons, the judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________ FRANK D. CELEBREZZE, JR., JUDGE:
JAMES D. SWEENEY, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.