DECISION AND JUDGMENT ENTRY
This is an appeal from a Portsmouth Municipal Court judgment in favor of Charles and Mary Leonard, plaintiffs below and appellees herein. The trial court found that Lenora L. Moore, defendant below and appellant herein, fraudulently failed to disclose, when she sold her home to appellees, that the furnace was defective or in disrepair.
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FINDING THAT CAVEAT EMPTOR
DOES NOT BAR PLAINTIFFS' RECOVERY."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FINDING FRAUD AGAINST THE APPELLANT, LENORA MOORE, BECAUSE THAT FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Our review of the record reveals the following facts relevant to the case at bar. Appellant lived at 393 Maynard Avenue from August of 1997 through September of 1998. Appellant testified that during the time she lived at the Maynard Avenue property, she became ill on two occasions. Appellant called the gas company to check for the presence of carbon monoxide. The gas company inspected her home on two occasions, August 29, 1997 and December 12, 1997, and did not detect the presence of carbon monoxide. Appellant stated that the gas company employee told her that her house "was too tight" and that she should open some windows to perhaps help prevent her from getting sick.
In September of 1998, appellant sold the home to appellees. Prior to purchasing the home, appellees looked at the furnace and thought that it looked "well-taken care of [and] clean." Appellees did not have the home inspected. Appellees asked appellant the age of the furnace and claim that appellant responded that the furnace was seven or eight years old. Appellant denied making this statement.
Appellant did inform appellees that she asked the gas company to inspect the furnace. Appellant did not, however, advise appellees that she had become ill on two occasions and that she called the gas company because she became ill.
When appellees moved into the home, they "immediately started having problems." Appellees stated that they were getting sick, with upset stomachs and dizziness. Appellees decided to inspect the furnace before winter arrived.
In November of 1998, Woody Jordan inspected the furnace and discovered two cracks in the heat exchanger. Jordan explained that the cracks could cause a carbon monoxide leak. Jordan advised appellees that he believed the furnace to be twenty to thirty years old and that the furnace needed to be replaced.
Appellees replaced the furnace and, on May 27, 1999, filed a complaint against appellant seeking damages for the cost of the new furnace.
On March 7, 2000, after holding an evidentiary hearing, the trial court entered judgment in appellees' favor. The trial court found that appellant had not properly advised appellees of the age of the furnace and that she had failed to inform appellees that she had become ill on two occasions. The court noted that Jordan (1) stated that a visual inspection of the furnace's exterior would not reveal the cracks, and (2) explained that the cracks would result in an intermittent, not a regular, release of carbon monoxide. The court further noted that Jordan's testimony helped to explain why the gas company failed to detect carbon monoxide when appellant called them to inspect the furnace.
Based upon the foregoing facts, the trial court found that the doctrine of caveat emptor did not apply and that appellant fraudulently misrepresented the condition of the home. Appellant filed a timely notice of appeal.
Because appellant's two assignments of error are interrelated, we will address the assignments of error together.
In her first and second assignments of error, appellant argues that the trial court's judgment is against the manifest weight of the evidence. Appellant asserts that the trial court improperly concluded that the doctrine of caveat emptor did not bar appellees' recovery and that appellant fraudulently misrepresented the condition of the furnace.
Initially, we note that judgments supported by competent, credible evidence will not be reversed. See Vogel v. Wells (1991), 57 Ohio St.3d 91,566 N.E.2d 154; Ross v. Ross (1980), 64 Ohio St.2d 203, 414 N.E.2d 426;C.E. Morris v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. In determining whether a trial court's judgment is against the manifest weight of the evidence, a reviewing court must not re-weigh the evidence. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,79-80, 461 N.E.2d 1273, 1276. An appellate court should not substitute its judgment for that of the trial court when competent, credible evidence going to all of the essential elements of the case exists. As the court stated in Seasons Coal, 10 Ohio St.3d at 80,461 N.E.2d at 1276:
 "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."
After our review of the case sub judice, however, we do not believe that competent and credible evidence supports the trial court's judgment. Generally, the doctrine of caveat emptor bars a real estate purchaser from seeking recovery from a seller for structural defects in the real estate. As the court stated in Layman v. Binns (1988),35 Ohio St.3d 176, 519 N.E.2d 642, syllabus:
 "The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor."
Thus, the doctrine will not bar an action for a structural defect in real estate if a buyer demonstrates that: (1) the complained of condition is latent or is not discoverable upon a reasonable inspection; (2) the buyer did not have an unimpeded opportunity to examine the premises; or (3) the seller acted fraudulently.
In order for fraud to preclude the application of caveat emptor, a buyer must prove the following essential elements: (1) a representation or, when there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. Burr v. Stark Cty. Bd. of Commrs. (1986),23 Ohio St.3d 69, 491 N.E.2d 1101, paragraph two of the syllabus; see, also, Eiland, 122 Ohio App.3d at 457, 702 N.E.2d at 123.
In the case sub judice, we believe that the record does not contain sufficient competent and credible evidence on each essential element necessary to support a fraudulent misrepresentation claim. In fact, we find no competent and credible evidence to indicate that appellant made a false representation regarding the furnace or that appellant concealed a fact regarding the furnace. Rather, the evidence adduced below demonstrates that appellant did not have knowledge that the furnace leaked carbon monoxide. Appellant prudently requested the gas company to inspect the furnace. The gas company found no evidence of carbon monoxide leakage. Simply because appellant became ill on two occasions does not support the conclusion that appellant knew that the furnace was defective and that it leaked carbon monoxide. Appellees learned of the furnace defect only after they employed an expert to inspect the furnace. No other competent and credible evidence exists in the record to support a finding of (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred. Moreover, we find nothing in the record to indicate that appellant hindered appellees' ability to fully inspect the premises, including the furnace. While we sympathize with appellees position, we fail to find adequate support in the evidence adduced below to imply that appellant had knowledge of the furnace defect.
Thus, we conclude that the evidence fails to support the trial court's finding that the doctrine of caveat emptor did not apply, and that appellant fraudulently misrepresented the furnace's condition. Therefore, the trial court's judgment is against the manifest weight of the evidence.Accordingly, based upon the foregoing reasons, we sustain appellant's assignments of error and reverse the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and that appellant recover of appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J. Kline, J.: Concur in Judgment Opinion.
Evans, J.: Dissents with Opinion.