OPINION
{¶ 1} This appeal is taken from a final judgment of the Lake County Court of Common Pleas granting summary judgment.
 {¶ 2} In 1997, appellees, Carl and Karen A. Duy, decided to sell their home located at 431 Acacia Drive, Willowick, Ohio. As required by R.C. 5302.30, the Duys prepared a Residential Property Disclosure Statement ("RSDS"). Item D on the RSDS states, "Do you know of any current water leakage, water accumulation, excess dampness or other defects in the basement/crawl space? The Duys checked the box marked, "No." The Duys also responded negatively to item E, which asks, "Do you know of any movement, shifting, deterioration, material cracks (other than visible minor cracks or blemishes) or other material problems with the foundation, floors, or interior/exterior walls?"
 {¶ 3} Although the record does not reflect the date, appellants, Bruce and Kimberly A. Kimball, who were seeking to purchase a home, viewed the Duys' residence and examined the basement twice. In November 1997, the parties executed a contract wherein the Duys agreed to sell the Kimballs the residential property located at 431 Acacia Drive for $102,900, subject to the Kimballs obtaining and approving a general home inspection. To this end, the Kimballs hired T.C. Home Inspections to inspect the premises. With regard to the condition of the basement, the inspector's report indicated that there were "[n]o signs of cellar seepage on [the] day of inspection [.]" The home inspector's report is not contested.
 {¶ 4} The contract, which is a preprinted real estate purchase agreement, states that "PURCHASER has examined the property and agrees that the property is being sold in its `AS IS' present physical condition including any defects disclosed by the SELLER." (Emphasis sic.)
 {¶ 5} On December 10, 1997, the Kimballs took title and possession of the property. In early 1999, the Kimballs noticed the formation of cracks in the rear basement wall. By spring of that year, they observed water seeping into the basement from the rear wall.
 {¶ 6} In March 2000, the Kimballs contacted Terrence Chubb ("Chubb"), a professional basement waterproofer, who inspected the basement and recommended that the rear basement wall be replaced and new drain tile installed. In November 2000, Chubb began making the necessary repairs.
 {¶ 7} On March 27, 2001, the Kimballs filed a complaint against the Duys, suggesting fraudulent nondisclosure and alleging fraudulent misrepresentation and fraudulent concealment, alleging that they incurred repair expenses in the amount of $7,650.
 {¶ 8} On December 2, 2001, the Duys filed a motion for summary judgment. In support of their motion, the Duys presented their affidavits and the deposition transcript of Carl Duy ("Carl").
 {¶ 9} In Carl's deposition, he averred that he moved into the home located at 431 Acacia Drive in 1986 and described the basement as a "rec room" containing a hallway leading into a bathroom and a laundry room. When he purchased the home, the "rec room" was unfinished with cinder block walls that were painted either yellow or blue. Carl stated that he painted the basement walls white on two occasions: once in 1990 and again in 1997, prior to putting the house on the market. He further stated: "All I ever did was paint the basement walls. I have done nothing else to the walls." Carl specifically denied: observing or filling in any cracks in the basement walls; applying any mortar or mortar-like substance on the basement walls; and, having any knowledge that the basement walls had cracked or shifted.
 {¶ 10} In their affidavits, the Duys attested that they never noticed any cracking or shifting with regard to the rear basement wall and did not experience any water seepage.
 {¶ 11} On January 23, 2002, the Kimballs filed a motion in opposition to summary judgment, which was supported by the deposition transcripts of Bruce and Kimberly Kimball and the affidavits of Bruce Kimball and Chubb.
 {¶ 12} In the Kimballs' affidavits, they averred that, prior to purchasing the house, they viewed the home on one occasion and examined the basement twice. The Kimballs attested that the basement was empty, their access was unimpeded, and the basement walls had been freshly painted with white paint. They averred that they first observed cracks in the rear basement wall in early 1999 and water seepage early that spring.
 {¶ 13} The Kimballs also presented the affidavit of Chubb, the professional waterproofer who inspected and repaired the rear basement wall. Chubb averred that while making the repairs, he noticed the rear basement wall had previously been repaired. Specifically, he noted that two layers of masonry compound had been applied to the bottom course of cinder block so that the wall would be even and a large horizontal crack had been filled with latex caulk. Chubb stated that he saved some pieces of the cinder blocks that contained masonry compound. Chubb stated that the "pieces of the saved cinder block show that the basement cinder block walls had a coating of greenish color paint, and then a blue color paint that was covered by at least 1 coat of white paint." He averred that the "masonry compound and latex caulk were covered by white paint." Chubb opined that the rear basement wall was cracking and bowing before appellants purchased the home, but did not specify as to how long before. Chubb further stated that whoever applied the masonry compound and caulk did so to conceal the cracking and bowing.
 {¶ 14} On March 14, 2002, the trial court granted the Duys' motion for summary judgment. From this judgment, the Kimballs raise the following assignment of error: "[t]he trial court erred in granting defendant's motion for summary judgment."
 {¶ 15} On appeal, a court of review must conduct a de novo review of the grant or denial of summary judgment. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105. A de novo review requires an appellate court to review the trial court's decision independently and without deference. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,711.
 {¶ 16} Pursuant to Civ.R. 56, summary judgment is proper when: "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Welco Indus., Inc. v. Applied Cos. (1993),67 Ohio St.3d 344, 346.
 {¶ 17} Material facts are those "that might affect the outcome of the suit under the governing law." Turner v. Turner (1993),67 Ohio St.3d 337, 340, quoting Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248. "Whether a genuine issue exists is answered by the following inquiry: Does the evidence present `a sufficient disagreement to require submission to a jury' or is it `so one-sided that one party must prevail as a matter of law[?]'" Turner, supra, at 340, quotingAnderson, supra, at 251-252.
 {¶ 18} Appellant's complaint touches on each of the three different types of fraud: fraudulent nondisclosure, fraudulent misrepresentation and fraudulent concealment. When a complaint is based upon fraud, "the circumstances constituting fraud *** shall be stated with particularity." Civ.R. 9(B).
 {¶ 19} Considering first the issue of fraudulent nondisclosure, we find that, as matter of law, the "as is" clause of the contracts bars such a claim regardless of whether appellants pleaded it with sufficient particularity. An "as is" clause in a real estate agreement relieves the seller from the duty to disclose latent defects. Kopp v. Yingling (Aug. 26, 1994), 11th Dist. No. 93-G-1811, 1994 Ohio App. LEXIS 3749, at *10. Therefore, as a matter of law, summary judgment was properly awarded in favor of the Duys on this issue.
 {¶ 20} Although an "as is" clause will bar a claim of fraudulent nondisclosure, it does not bar a buyer from asserting claims of fraudulent misrepresentation or fraudulent concealment. McCann v.Anastasio (Oct. 5, 2001), 11th Dist No. 2000-P-0078, 2001 Ohio App. LEXIS 4514, at *4-5. Hence, the "as is" language of the contract has no effect on the Kimballs' claims of fraudulent misrepresentation and fraudulent concealment.
 {¶ 21} Before addressing appellant's claims of fraudulent misrepresentation and fraudulent concealment, we will briefly address the applicability of the doctrine of caveat emptor. "The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. (Citations omitted.) *** " Layman v. Binns
(1988), 35 Ohio St.3d 176, syllabus.
 {¶ 22} In the instant case, we conclude that a genuine issue of material fact exists as to whether the presence of masonry compound, and the defect it concealed, was "open to observation or discoverable upon reasonable inspection." Appellees argue the masonry compound is visible beneath the paint and presented copies of two photographs of the basement wall in support of their argument. However, after viewing these photocopies, this court is unable to discern whether an outline of the masonry compound is visible beneath the paint. Other than these photographs, which we determine to be unclear, the record contains no evidence indicating that the condition complained of was open to observation or discoverable upon inspection. Instead, the record indicates that the condition was not discovered upon inspection. In fact, the record reveals that the Kimballs obtained a home inspection, which failed to discover the cracking and bowing. In his report, the home inspector stated that "he found no major problems in this house." Accordingly, we conclude that a genuine issue of material fact exists as to the latency of the defect; therefore, the doctrine of caveat emptor is inapplicable.
 {¶ 23} "To prevail upon a claim for fraudulent misrepresentation, the injured party must establish justifiable reliance upon representations made by the defendants." Massa v. Genco (Mar. 1, 1991), 11th Dist. No. 89-L-14-162, 1991 Ohio App. LEXIS 867, at *7. The elements which constitute the basis for a claim of fraudulent misrepresentation are: "(1) a representation, or where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying on it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately cause by the reliance." Cardi v. Gump (1997), 121 Ohio App.3d 16-22.
 {¶ 24} In the instant case, the purchase agreement was clearly contingent upon completion of an inspection that was acceptable to appellants. This court has previously held that "[a] buyer cannot be said to have justifiably relied upon misrepresentations made by the seller where the agreement is clearly contingent upon the inspection rather than any alleged representations." Massa, at *8. Therefore, even if the Kimballs could establish the Duys' knowledge and misrepresentation of a material defect in the basement, their claims for fraudulent misrepresentation must fail, as a matter of law, due to their inability to show justifiable reliance on the misrepresentation. Accordingly, the trial court was correct in granting summary judgment in favor appellees on these claims.
 {¶ 25} To prevail on a claim of fraudulent concealment, the Kimballs have the burden of establishing: "(1) an actual concealment[;] (2) of a material fact[;] (3) with knowledge of the fact concealed[;] (4) with intent to mislead another into relying upon such conduct[;] (5) followed by actual reliance thereon by such other person having the right to so rely[;] (6) and with injury resulting to such person because of such reliance[.] Bagdasarian v. Lewis (June 4, 1993), 11th Dist. No. 92-L-171, 1993 Ohio App. LEXIS 2881, at *6-7.
 {¶ 26} Reviewing the evidence in a light most favorable to the nonmoving party, we conclude that a genuine issue of material fact exists as to whether the Duys concealed the defects in the rear basement wall. Chubb averred that the cinder block walls in the basement were coated with greenish paint, followed by blue paint, and then at least one coat of white paint. He further stated that the masonry compound and latex caulk were covered by at least one coat of white paint. Thus, the evidence shows that the masonry compound and latex caulk were applied over the coating of blue paint and subsequently at least one coat of white paint was applied over the masonry compound and latex caulk.
 {¶ 27} Carl's affidavit supports Chubb's assertion that the white paint was placed onto a coat of blue paint. Carl averred that, when he purchased the home, the basement walls were either blue or yellow and that he did nothing other than apply white paint over the existing paint.
 {¶ 28} In light of Chubb's statement that the masonry compound and latex caulk were covered by at least one coat of white paint and Carl's statement that he did nothing other than apply white paint over the existing blue or yellow paint, we conclude that a genuine issue of material fact exists as to whether the Duys applied the masonry compound and latex caulk to the basement wall. We further conclude that a genuine issue of material fact exists as to whether Carl applied white paint in an attempt to conceal the repairs from prospective buyers. Accordingly, appellant's second assignment of error is with merit.
 {¶ 29} Based on the foregoing, it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed in part; reversed in part, and the matter is remanded to the trial court for further proceedings consistent with this opinion.
DIANE V. GRENDELL, J., concurs.