OPINION
{¶ 1} Defendant-Appellant, Jeffery Davidson, appeals a judgment of the Tiffin Municipal Court, Small Claims Division, which held Davidson liable for an inoperative air conditioner in a house sold to Plaintiff-Appellee, Mildred Reiter. Because Reiter failed to file a brief, we will review the case pursuant to App.R. 18(C). Finding that the facts and arguments presented in Davidson's brief reasonably support a reversal, we reverse the judgment of the trial court.
 {¶ 2} In March of 2003, Reiter entered into a contract to purchase a residential property at 141 Westwood Drive (hereinafter referred to as the "property") in Tiffin, Ohio, from owners Lawrence and Beatrice Klaiss. Davidson signed the purchase agreement on behalf of Lawrence and Beatrice Klaiss, pursuant to a power of attorney.
 {¶ 3} Davidson also signed, pursuant to the power of attorney, the residential property disclosure form, required by R.C. 5302.30. On that form, Davidson indicated that there were no "other known material defects." Additionally, the purchase agreement contained the following clause:
Property being sold * * * in "AS IS" WHERE IS condition withany latent or patent defects. Buyer has reviewed records and realestate and is relying on own judgment. Seller does not warrantyproperty. Prior inspection can be done at buyers (sic.) expense.Buyer beware.
 {¶ 4} Several weeks after moving into the property, Reiter discovered the air conditioner was not working. Subsequently, she filed a complaint against Davidson for the cost of replacing the air conditioner.
 {¶ 5} A trial was held in August of 2003, and at that time Reiter testified that she had never had the property inspected prior to the sale. She testified that she and her son had "checked things out" and "expected to have an air-conditioner working and furnace and things like that." Reiter also testified that real estate agent, Ned Gregg, had represented to her and her son that everything worked and that she had "assumed that was so." Reiter's son also testified that Gregg had represented that everything was in good shape.
 {¶ 6} Davidson also testified at the hearing, stating that the property was built in 1989. He testified that the Klaiss' lived in the property for approximately four years, but had moved into a retirement home approximately two years prior to the sale of the property.
 {¶ 7} Davidson stated that, during that period, he had occupied the property on a part-time basis, until approximately May of 2002. He testified that the last time he had stayed at the property was Memorial Day weekend of 2002 and that the air conditioner was working at that time. He further stated that the property had been unoccupied since that time and that the air conditioner had not been turned on. According to Davidson, "when I signed that disclosure agreement, to the best of my knowledge and the last time I used [the air conditioner], it was working."
 {¶ 8} After reviewing all testimony and evidence, including the residential disclosure form, the purchase contract, and all of Reiter's bills for the replacement air conditioner, the court entered judgment in favor of Reiter. It is from this judgment that Davidson appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I Whether the trial court erred as a matter of law to theprejudice of appellant in finding that the appellant was liableto appellee for failing to disclose the material defect on theresidential property disclosure from where appellant was not inprivity of contract.
 Assignment of Error No. II Whether the trial court committed prejudicial error, as amatter of law, by finding that appellant should have known, aspower of attorney for the sellers, that the air conditioner wasdefective.
 Assignment of Error No. III Whether the trial court's judgment was against the manifestweight of the evidence.
 {¶ 9} Due to the nature of appellant's claims, we will be addressing the assignments of error out of order.
 {¶ 10} In the second assignment of error, Davidson contends that the trial court erred in holding him liable. Specifically, Davidson argues the court was required to find Davidson had "actual knowledge" of the inoperative air conditioner. We agree.
 {¶ 11} R.C. 5302.30 requires that a seller of residential property disclose any information that he possesses concerning the existence of a material defect in the premises. The statute requires that the seller disclose this information by preparing a "Residential Property Disclosure Form." R.C. 5302.30(D). The disclosure made by a seller on this form must be made in good faith, which "means honesty in fact in the transaction." R.C.5302.30(A)(1). On the form, the seller must disclose material matters relating to the physical condition of the property that is within the actual knowledge of the seller. Id.
Further, R.C. 5302.30(F)(1) unequivocally states:
A transferor of residential real property is not liable indamages in a civil action for injury, death, or loss to person orproperty that allegedly arises from any error in, inaccuracy of,or omission of any item of information required to be disclosedin the property disclosure form if the error, inaccuracy, oromission was not within the transferor's actual knowledge.
(Emphasis added.)
In its judgment entry, the trial court stated:
While Defendant was acting as P.O.A. he represented the ownersin their capacity. This is not to say Defendant knowingly andmaliciously concealed information pertaining to the airconditioner but rather he should have been aware and disclosedthis information. (Emphasis added.)
 {¶ 12} Clearly, the standard applied by the court is not the standard set out under R.C. 5302.30. Accordingly, the second assignment of error is sustained.
 {¶ 13} In the third assignment of error, Davidson asserts that the trial court's judgment was against the manifest weight of the evidence, because there was no evidence presented to show he had actual knowledge that the air conditioner did not work. We agree.
 {¶ 14} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 280. Again, R.C. 5302.30(D) and (F)(1) require that a seller must disclose material matters relating to the physical condition of the property that are within the actual knowledge of the seller. Thus, Davidson's actual knowledge that the air conditioner did not work was an element that must be supported by some competent, credible evidence.
 {¶ 15} Upon review of the record, we cannot find any evidence that Davidson had actual knowledge that the air conditioner did not work. Reiter did testify that the real estate agent, Ned Gregg, indicated everything was working; however, this does not support a finding that Davidson had actual knowledge. Additionally, Gregg never testified as to whether Davidson had knowledge of the operability of the air conditioner. Finally, the trial court stated its judgment entry that "[t]his is not to say that Defendant knowingly * * * concealed information pertaining to the air conditioner but rather that he should have been aware and disclosed the information." This suggests that the trial court was satisfied that Davidson had no actual knowledge of the status of the air conditioner.
 {¶ 16} Because there is no competent, credible evidence showing that Davidson had actual knowledge that the air conditioner was inoperative, we find the judgment is against the manifest weight of the evidence.
 {¶ 17} Furthermore, under the current law, sellers of residential real estate have no duty to inspect their property or otherwise acquire additional knowledge of the defects on their property. Rose v. Zaring Homes, Inc. (1997),122 Ohio App.3d 739, 744. Where the condition complained of is discoverable upon reasonable inspection, the purchaser had unimpeded opportunity to examine the premises and there is no fraud on the part of the vendor, the seller will not be liable. Layman v. Binns (1988),35 Ohio St.3d 176, syllabus.
 {¶ 18} Here, Reiter testified that she did not have the property inspected. According to her testimony, she assumed that the air conditioner would work. Further, there is evidence that the purchase agreement she signed contained an "as is" clause and urged her to have the property inspected. Additionally, Reiter did not argue, at the hearing, that she was not given the opportunity to have the property inspected or that the air conditioner's inoperability would not have been discovered upon reasonable inspection. Finally, there is no evidence in the record of fraud, as the court noted Davidson had not "maliciously concealed information pertaining to the air conditioner." Thus, as a matter of law, we find that Davidson cannot be held liable in this case. App.R. 12(B).
 {¶ 19} Accordingly, the third assignment of error is sustained.
 {¶ 20} In the first assignment of error, Davidson asserts that the court erred as a matter of law in finding that he was liable to Reiter based upon his status as the power of attorney. Based on the above, the final assignment of error is rendered moot. App.R.12(A)(1)(c). Thus, we will forego any discussion of this issue.
 {¶ 21} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter with instructions to render judgment in favor of appellant.
Judgment reversed and cause remanded.
 Shaw, P.J. and Cupp, J., concur.