JOURNAL ENTRY and OPINION
This case comes on appeal from the trial court's grant of summary judgment in favor of defendants-appellees, Thomas and Kathleen Cahill (hereinafter appellees), and against plaintiff-appellant, Ronald Ritter (hereinafter appellant). The complaint in the within action was filed on November 30, 1998. The complaint alleged causes of action for failure to disclose known defects arising out of a sale of a condominium in the Cashelmara condominium complex in Bay Village, Ohio, on or about April 29, 1997, from the appellees to the appellant. The purchase price of the condominium was approximately $286,000.00.
Specifically, the appellant alleged in the complaint that the appellees had actual knowledge of the existence of damage to the common areas and of pending assessments prior to the execution of the purchase agreement and prior to closing. The pending assessment referred to in the complaint was actually two separate assessments. The first, in the amount of $2,352.48, was assessed by the condominium board in July of 1997 and the second, in the amount of $44,903.79, was assessed on or about February 16, 1998. The assessments purported to cover repairs required to correct water leakage and other damage to individual units and common areas caused by the negligent installation of windows and vinyl siding several years earlier.
The appellant also stresses in his response to the motion for summary judgment at the trial court level and within the brief submitted to this court that the fact that co-appellee Kathleen Cahill served as the property manager at the Cashelmara condominium complex between May of 1990 and February of 1997 makes it more likely that the appellees were aware of latent, material defects to the exteriors and common areas of Cashelmara prior to the sale.
The appellees' motion for summary judgment was granted by the trial court on February 29, 2000. On March 7, 2000, the trial court denied the appellant's request for findings of fact and conclusions of law.
The appellant presents one assignment of error for this court's review:
 I. THE TRIAL COURT ERRED BY GRANTING THOMAS AND KATHLEEN CAHILL'S MOTION FOR SUMMARY JUDGMENT.
We find this assignment of error to be without merit both because we conclude that the appellees had no duty to warn potential buyers of defects in the common areas of the condominium complex or in units owned by other persons, and because there is no evidence in the record that at the time of the transaction the appellees had knowledge that an assessment to cover these repairs was imminent.
 Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std. Oil Co. (1982), 70 Ohio App.2d 1; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio State Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108. Under Dresher, * * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim. Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704 . An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion. Saunders v. McFaul (1990), 71 Ohio App.3d 46,50; Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741.
With regard to claims arising from structural defects in real estate, the Supreme Court in Layman v. Binns (1988), 35 Ohio St.3d 176 -177,519 N.E.2d 642, syllabus, held:
 The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor.
In Traverse v. Long (1956), 165 Ohio St. 249, 252, 135 N.E.2d 256, the Court explained the rule as follows:
 The principle of caveat emptor applies to sales of real estate relative to conditions open to observation. Where those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud * * *.
 The doctrine of caveat emptor is one of long standing. Since problems of varying degrees are to be found in most dwellings and buildings, the doctrine performs a function in the real estate marketplace.
 Without the doctrine nearly every sale would invite litigation instituted by a disappointed buyer.
 Accordingly, we are not disposed to abolish the doctrine of caveat emptor. A seller of realty is not obligated to reveal all that he or she knows. A duty falls upon the purchaser to make inquiry and examination.
Layman v. Binns, supra, 35 Ohio St.3d at 177.
Initially, it should be noted that there is no evidence in the record which establishes that the appellees had actual knowledge at the time of the transaction either of the fact that the assessments were going to be levied or that the water damage and other damage caused by the improperly installed windows and siding was serious enough to require such a large per unit assessment to remedy the defective conditions. The only evidence on this issue are the affidavits of both appellees wherein they each stated that they were not aware that the Cashelmara board of managers would issue the subsequent assessment during the summer of 1997 of $2,352.48 * * * [or] the February 16, 1998 assessment in the amount of $44,903.79" and the affidavit of Frank Catchpole, the president of the board of managers during the years of 1996 and 1997. In his affidavit Catchpole states that at the time of the transaction between the parties to this appeal, the board had not even considered the matter of approving either the July of 1997 or the February of 1998 assessments:
 * * * Affiant further states that prior to April of 1997, the board of managers had not discussed, or even considered the assessments which were later established in the summer of 1997 for repairs to certain of the driveways and for structural support for the creek bed or the more significant February of 1998 assessment for repairs to siding, roofing and other matters throughout the condominium development.
 Affiant further states that in April 1997, the assessments of the summer of 1997 and February of 1998 referenced above had not even been considered, discussed or contemplated by the board of managers.
In February of 1997, six months after the transaction in question, another prospective purchaser of a unit in the complex formally inquired of the board of managers as to the likelihood of an assessment in the near future. William Townsend, writing on behalf of the board of managers, replied as follows:
 There is no known or planned assessment other than the current general maintenance assessment.
It was not until February of 1998, six months after the above excerpted letter was written, that the residents of the complex received notice of the second, much larger, assessment.
Thus, the appellant is alleging that the appellees concealed facts and/or conditions which did not even exist at the time of the transaction and thus could not possibly have been disclosed even if a duty to disclose had existed.
Additionally, the conditions complained of by the appellant all existed outside of the unit owned by the appellees and were discoverable by the appellant. The record indicates that the appellant purchased the condominium only two days after initially viewing the unit and that he chose not to have an inspection completed because he did not believe that it was necessary for a purchase of a condominium. The appellant also failed to make any inquiries of the board of managers or other current or former residents of the complex to attempt to ascertain the condition of the premises or the likelihood of a significant assessment(s) in the near future. When the appellant asked co-appellee Kathleen Cahill whether she knew of any assessments scheduled in the near future, she purportedly responded although no assessments were anticipated you never know what may happen. Given the evidence in the record, this was an accurate statement at the time it was made.
Accordingly, because we find that the appellant had the opportunity for investigation and inspection without concealment or hindrance by the appellees, the appellant is precluded from recovering under the doctrine of caveat emptor.
The elements which must be shown to prove a claim for fraud are:
 (a) a representation or, where there is a duty to disclose, concealment of a fact,
(b) which is material to the transaction at hand,
 (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
 (d) with the intent of misleading another into relying upon it,
 (e) justifiable reliance upon the representation or concealment, and
 (f) a resulting injury proximately caused by the reliance.
Mehlman v. Burns (May 25, 2000), Cuyahoga App. No. 76281, unreported, citing Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 475,700 N.E.2d 859, citing Cohen v. Lamko, Inc. (1984), 10 Ohio St.3d 167,169, 462 N.E.2d 407.
Failure to establish any of these elements is fatal to a plaintiff's case and precludes recovery. Mehlman, supra; see, also, Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, 491 N.E.2d 1101, paragraph two of the syllabus.
In the case sub judice, there is no evidence, even when all disputed facts are construed most strongly in favor of the appellant, that the appellees ever knowingly made a materially false statement or made a false statement with utter disregard for its truthfulness. The non-disclosure in this case does not rise to the level of fraud for the reason that the defect here was not latent. It could have been detected by inspection. Thus, the purchasers must show an affirmative misrepresentation or a misstatement of a material fact in order to demonstrate fraud and thereby preclude application of the doctrine of caveat emptor. This they failed to do. Thus, the appellant is precluded by law from prevailing on his claim for fraud and the trial court correctly granted summary judgment on this claim.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., CONCURS. DIANE KARPINSKI, A.J., DISSENTS WITH SEPARATE OPINION.