DECISION.
Plaintiffs-appellants, Kathleen E. Riggins and Steven C. Riggins, appeal the summary judgment granted by the Hamilton County Court of Common Pleas in favor of the defendants-appellees, James Bechtold and Vivienne Bechtold, in an action for fraud, misrepresentation, and breach of warranty, in connection with the sale of a home. For the following reasons, we affirm the trial court's judgment.
In 1999, the Rigginses expressed interest in buying the Bechtolds' seventy-year-old house. During negotiations for the sale of the home, the Bechtolds gave the Rigginses two property-disclosure forms. The forms included the disclosure that the house had "settlement cracks and a crack in the breakfast room wall." Despite the disclosure, the Rigginses signed a contract for the purchase of the home.
After the contract of sale was executed, the Rigginses hired an inspection service known as the "Home Team" to perform a whole-house inspection. Following a detailed inspection, the Home Team prepared a report stating that the house had minor settlement cracks in the foundation but that the cracks "did not appear to have structural significance."
The parties proceeded with the sale, and the Rigginses lived in the house for approximately six months without incident. After a particularly heavy rainstorm, though, they observed water damage near the windows of the sunroom and elsewhere in the house. The Rigginses had the home reinspected by persons not affiliated with Home Team. The persons who performed the later inspections informed the Rigginses that there were multiple holes in the mortar of the home's brick facade that had permitted moisture to enter and that there had been significant settling and cracking in the breakfast nook area.
When the Bechtolds declined to pay for the repair of the defects that had led to the water damage, the Rigginses initiated this lawsuit in which they claimed that the Bechtolds had fraudulently failed to disclose the defects. After extensive discovery, the Bechtolds filed a motion for summary judgment. The trial court granted the motion, holding that the Bechtolds had not failed to disclose any known latent defects.
In a single assignment of error, the Rigginses now argue that the trial court erred in entering summary judgment in favor of the Bechtolds. Pursuant to Civ.R. 56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party must produce evidence on any issue for which that party would bear the burden of production at trial.[2] This court reviews de novo the granting of summary judgment.[3]
R.C. 5302.30 requires that a seller of residential real estate disclose any information that he possesses concerning the existence of a material defect in the premises. The statute requires that the seller disclose this information by delivering to the buyer a property-disclosure form.[4]
In the form, the seller must disclose material matters relating to the physical condition of the property to be transferred and any material defect relating to the physical condition of the property that is within the actual knowledge of the seller.[5]
Despite the statutory disclosure requirements, a buyer remains responsible for discovering defects that are patent.[6] Indeed, the doctrine of caveat emptor will prevent a buyer from recovering from a seller for a structural defect in the real estate when the condition is open to observation or discoverable upon reasonable inspection, the purchaser has had the unimpeded opportunity to examine the premises, and there is no fraud on the part of the seller.[7] To prove fraud, a plaintiff must establish the following elements: (a) a representation or, where there is a duty to disclose, the concealment of a fact, (b) that is material to the transaction, (c) made falsely, with the knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent to mislead another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately cause by the reliance.[8]
In the case at bar, the trial court did not err in entering summary judgment. The Bechtolds met their burden by demonstrating that they had disclosed any latent defects of which they were aware. The Rigginses were unable to come forward with sufficient evidence to establish that a genuine issue of fact remained to be litigated. We discuss the alleged defects in turn.
One of the primary defects noted by the Rigginses were the holes in the house's mortar. Although the evidence indicated that the mortar holes were significant, the persons who had reinspected the house at the behest of the Rigginses themselves stated that the holes were obvious. Moreover, it is undisputed that the Rigginses had had an unimpeded opportunity to inspect that portion of the home before the execution of the purchase contract.[9] Accordingly, under Layman, the Bechtolds had no duty to disclose the defects.[10]
Another major defect noted in the complaint was the crack in the breakfast nook. The Bechtolds, though, disclosed the existence of the crack in the breakfast nook in at least one of the disclosure statements that they gave the Rigginses in accordance with R.C. 5302.30(C).[11]
Also, in a report prepared by an engineer whom the Rigginses hired, the settling and cracking in the breakfast nook were described as "obvious," and the engineer opined that "[t]here is no question that the settlement is not recent." Accordingly, the existence of the crack could not have given rise to liability on the part of the Bechtolds.[12]
A third defect that the Rigginses cited was leakage in the windows in the sunroom. As the trial court noted, the Bechtolds admittedly had experienced leaks in the sunroom in the past but had "reset" the windows well before the sale of the home. There was no evidence in the record that the reset windows had leaked and no evidence that the Bechtolds were aware of any other problems with the windows. Once again, then, the Rigginses failed to demonstrate that the Bechtolds breached any duty to them.
The Rigginses next argued that the Bechtolds had misled them concerning numerous repairs that had been performed before the sale and suggested that the Bechtolds had misrepresented the qualifications of the persons who had performed that work. We find no evidence of any such misrepresentation in the record. The evidence did not suggest that the persons who had performed the repairs or improvements were unqualified or that the Bechtolds had exaggerated their qualifications. As the Bechtolds note, the Rigginses could have deposed the workmen to expose any alleged lack of expertise, but they failed to do so. Accordingly, we hold that the Rigginses failed to demonstrate a genuine issue of fact with respect to this issue.
The Rigginses also argued that the Bechtolds concealed evidence of water damage by painting and otherwise performing cosmetic repairs on the property. This contention is not supported in the record. Although the Bechtolds conceded that they had taken measures to "spruce up" the house, there is no evidence in the record that the cosmetic improvements concealed any material defect that the Bechtolds did not disclose or that was not obvious upon reasonable inspection.[13] We therefore find no error in the trial court's rejection of that argument.
Finally, the Rigginses argued that the Bechtolds had failed to disclose that they had had the roof replaced and that they had remodeled the basement bathroom. As the Bechtolds pointed out, though, there was no claim that the roof or the bathroom was defective or that they had contributed to the water-damage problems that were the subject of the lawsuit. These renovations or repairs were thus irrelevant and could not have served as a basis to defeat summary judgment.
For these reasons, summary judgment was properly granted in favor of the Bechtolds. The sole assignment of error is overruled, and the judgment of the court of common pleas is affirmed.
Judgment affirmed.
Painter, P.J., and Sundermann, J., concur.
[1] See State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 639 N.E.2d 1189.
[2] See Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,570 N.E.2d 1095, paragraph three of the syllabus.
[3] Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129, 572 N.E.2d 198.
[4] R.C. 5302.30(C).
[5] R.C. 5302.30(D).
[6] Layman v. Binns (1988), 35 Ohio St.3d 176, 177, 519 N.E.2d 642.
[7] Id., syllabus.
[8] Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 475,700 N.E.2d 859.
[9] There is some indication in the record that trellises covered a portion of the home. We do not find this circumstance to be significant, as the persons who reinspected the home were not prevented from discovering the alleged defects by the trellises or any other obstruction.
[10] See, also, Belluardo v. Blankenship (June 4, 1998), 8th Dist. No. 72601.
[11] We agree with the trial court that, even though different defects were noted in the disclosure forms, the Rigginses were put on notice of the crack in the breakfast nook.
[12] In their brief, the Rigginses also complain of a leak in the basement wall. It is not clear if that leak involved the portion of the basement under the breakfast nook, but, in any event, Steven Riggins testified that he was aware of leaks in the basement. In fact, the Bechtolds had transferred their warranty with a basement waterproofing company to the Rigginses.
[13] The Rigginses argue that, had they seen the condition of the home before the cosmetic improvements, they would have been alerted to leakage problems. We are not persuaded. The material defects themselves were either disclosed or obvious upon reasonable inspection. The fact that the Rigginses may have been alerted to the "symptoms" of the defects in the absence of the cosmetic work was not sufficient to defeat the motion for summary judgment.