OPINION
{¶ 1} This cause is an accelerated appeal from a decision of the Butler County Court of Common Pleas granting appellees' motion for summary judgment and denying appellant's motion for relief pursuant to Civ.R. 60(B).[1]
 {¶ 2} Appellant, Juliet Bryant, filed a complaint in the trial court against appellees, Gary and Lisa Bulach. The complaint alleged that appellees failed to disclose water leakage problems in the house they sold to appellant. Appellant apparently discovered water leakage and mold growth in the basement of the house upon taking possession.
 {¶ 3} In appellant's first assignment of error, she argues that the trial court erred in granting appellees' summary judgment motion. Specifically, she argues that the trial court erred in finding that the doctrine of caveat emptor precluded her from recovering damages.
 {¶ 4} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1976), 54 Ohio St.2d 64,66; Civ.R. 56(C).
 {¶ 5} The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection; (2) the purchaser had the unimpeded opportunity to examine the premises; and (3) there is no fraud on the part of the vendor. Layman v. Binns (1988), 35 Ohio St.3d 176, 177.
 {¶ 6} We overrule appellant's first assignment of error because we find that the doctrine of caveat emptor precludes recovery. First, the water leakage and mold in the basement should have been discovered upon a reasonable inspection. Second, appellant concedes that she had an unimpeded opportunity to inspect the entire house. Third, we find no evidence in the record of fraud on the part of appellees. There is no evidence in the record that appellees knew of water leakage or mold in the basement and concealed it from appellant.
 {¶ 7} In her second assignment of error, appellant argues that the trial court erred by denying her motion for Civ.R. 60(B) relief. Specifically, appellant points to "newly discovered evidence" that she claims indicates appellees' knowledge of the water leakage and mold problems.
 {¶ 8} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 9} We overrule appellant's second assignment of error because appellant has failed to show that she has a meritorious claim based on the new evidence. The new evidence does not show fraud by appellees, which is necessary to overcome the caveat emptor doctrine. While the new evidence shows that there were water leakage problems in other parts of the house at one time, the evidence does not reveal that appellants knew about current water leakage or mold problems in the basement. Additionally, the "newly discovered evidence" related to water leakage problems in 1994, more than five years prior to appellees' signing of the real estate disclosure form. In that form, appellees represented that they knew of no water leakage problems during the previous five years.
 {¶ 10} Based on our de novo review of the record, we find no genuine issues of material fact for trial. Therefore, appellees are entitled to judgment as a matter of law.
Judgment affirmed.
VALEN, P.J., and YOUNG, J., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.