DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Marvin and Charlotte Ruggles ("buyers"), appeal from the decision of the Lorain County Court of Common Pleas granting summary judgment in favor of appellees, Russell Realtors and Rick Metera ("Russell Realtors"), and Kimberly Bell, fna Kimberly Wise, and Christopher Wise ("sellers"). This Court affirms.
 I. {¶ 2} In June of 1999, buyers completed the purchase of real property from sellers. During the negotiations for the property, buyers received from sellers a home disclosure form which disclosed that the creek at the rear of the property flooded during a heavy rainfall (24-48 hrs.). After receiving this disclosure, buyers hired an independent firm to inspect the property for possible flooding problems. The independent firm indicated that any potential flooding problems were outside the scope of the inspection. The firm also indicated that buyers would have to contact local authorities or hire a specialist to acquire information on flooding issues. Buyers did not take further action to contact local authorities or consult with a specialist.
 {¶ 3} Instead, buyers, through their realtor, prepared a purchase agreement for the property. The purchase agreement specifically stated "Purchaser has examined the property and agrees that it is being purchased in its `as is' present physical condition. Purchaser has not relied upon representations, warranties, or statements about the property * * * except as specifically written in the purchase agreement."
 {¶ 4} After allegedly observing flooding on the property in excess of the amount specified by sellers on the home disclosure form, buyers filed suit against sellers for negligent misrepresentation, fraudulent inducement and breach of contract, and against sellers' agents, Russell Realtors, for negligent and fraudulent misrepresentation. In conducting discovery, it was learned that the property was located in an "area of special flood hazard." This information could have been discovered by examination of FEMA flood hazard maps which are public records. After discovery was completed, both sellers and Russell Realtors filed motions for summary judgment. The trial court granted the same.
 {¶ 5} Buyers timely appealed, setting forth one assignment of error for review.
 ASSIGNMENT OF ERROR
"The trial court erred in granting defendants-appellees' motions for summary judgment."
 {¶ 6} Buyers aver in their sole assignment of error that the trial court erred in granting appellees' motions for summary judgment. This Court disagrees.
 {¶ 7} Appellate courts review the grant of summary judgment de novo, applying the same standard used by the trial court.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Accordingly, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Servs. Inc.v. Lekan (1992), 75 Ohio App.3d 205, 208. Under Civ.R.56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 9} Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Dresher, 75 Ohio St.3d at 293. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732,735. Pursuant to Civ.R. 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when rendering summary judgment. Specifically, the court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact[.]" Civ.R.56(C). An affidavit must be made on personal knowledge and a sworn or certified copy of any document referred to in the affidavit must be attached to or served with it. Civ.R. 56(E). The requirement that the papers be sworn or certified may also be satisfied by a certification contained within the paper itself. Wall v.Firelands Radiology, Inc. (1995), 106 Ohio App.3d 313, 334, citing Olverson v. Butler (1975), 45 Ohio App.2d 9, 12.
 {¶ 10} The Supreme Court of Ohio has held the elements of actual fraud to be:
"(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Gaines v.Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55.
 {¶ 11} In order to prove either fraudulent misrepresentation or concealment against the seller, the buyer must establish each of the above elements. Westfield Ins. Co. v. HULS Am., Inc.
(1998), 128 Ohio App.3d 270, 296. The relevant factors to this case are concealment and justifiable reliance. An action for fraud may be grounded upon failure to fully disclose facts of a material nature where there exists a duty to speak. Layman v.Binns (1988), 35 Ohio St.3d 176, 178. A vendor of real property has a duty to disclose material facts which are latent, not readily observable or discoverable through a purchaser's reasonable inspection. Id. Fraudulent concealment exists where a vendor fails to disclose sources of peril of which he is aware, if such a source is not discoverable by the vendee. Klott v.Associates Real Estate (1974), 41 Ohio App.2d 118, 121. The nature of the defect and the ability of the parties to determine through a reasonable inspection that a defect exists are key to determining whether or not the defect is latent. Miles v.McSwegin (1979), 58 Ohio St.2d 97, 102.
Buyers Fraud Claim Against Sellers
 {¶ 12} In their motion for summary judgment, sellers argued that buyers had the ability through a reasonable inspection to see that this defect existed. Sellers contended buyers hired an independent firm to inspect the property for defects such as the flooding of the creek. The independent firm told buyers that if they wanted to gain knowledge on the subject of the flooding of the adjacent creek, they would have to contact local authorities or a specialist on flooding. The property in question was part of a FEMA Flood Hazard Map Panel (FHMP) which indicated that part of the property was located in a flood zone. Furthermore, sellers argued that buyers could have obtained this information through the use of public records, because this FHMP was on file with the Lorain County Community Development Department. Sellers contended that their statements concerning the flood plane could not be justifiably relied on because buyers could have reasonably discovered this information via public records, or by hiring a specialist. This Court finds that buyers met their burden of demonstrating an absence of genuine issues of material fact as to the essential elements of buyers' fraud claim.
 {¶ 13} In their motion opposing summary judgment, buyers claimed sellers fraudulently induced them to buy the property by failing to disclose the true flooding nature of the creek adjacent to the property. Buyers stated that they bought the property in question so they could build a horse barn and that the statements made to them induced them to buy the property for such purpose. However, nothing in the purchase agreement that buyers' realtor drafted noted that the purchase was conditioned on buyers being able to build a horse barn on the property.
 {¶ 14} Furthermore, buyers averred in their affidavits that they were not impeded in investigating the property, and that they had ample opportunity to investigate the property. This Court concludes that the buyers did not meet their reciprocal burden of demonstrating that genuine issues of material fact existed regarding their fraud claim against sellers. Therefore, summary judgment was properly granted in favor of sellers on the issue of fraud.
Buyers Fraud Claim Against Russell Realtors
 {¶ 15} In its motion for summary judgment, appellees Russell Realtors claimed that summary judgment was proper because there was no genuine issue of material fact to be litigated on the fraud issue because buyers could not justifiably rely on the statements made by Russell Realtors.
 {¶ 16} Russell Realtors stated that buyers were well aware of the flooding problem before they purchased the property. Furthermore, Russell Realtors contended that buyers could not demonstrate justifiable reliance because the purchase agreement was contingent on inspection rather than any alleged representations. In order to support its claim, Russell Realtors pointed out that buyers did not take their word for the flooding problem, but hired an independent firm to conduct an inspection. Given the above, this Court finds that Russell Realtors met their burden of demonstrating an absence of genuine issues of material fact as to the essential elements of buyers' fraud claim.
 {¶ 17} In return, buyers have failed to demonstrate a genuine issue for trial in regard to their fraud claim against Russell Realtors. Buyers claim that based on the information on the disclosure form they made further inquiry of the sellers' agent and Russell Realtors' response was still misleading; thus, they met the standard for justifiable reliance as set forth in Tiptonv. Nuzum (1992), 84 Ohio App.3d 33. However, the present case is distinguishable from Tipton. In Tipton, the misrepresentation related to the foundation of the house which was being bought. This defect would only be known to the sellers and the sellers' agent; thus, the buyers could justifiably rely on their statements. In the present case, as previously indicated, the defect was ascertainable from other sources. This Court concludes that the trial court properly awarded summary judgment in favor of appellees Russell Realtors and Rick Metera on the issue of fraud.
Negligent Misrepresentation and Breach of Contract
 {¶ 18} Buyers also challenge the decision of the trial court granting summary judgment on the issues of negligent misrepresentation and breach of contract. This Court finds that the trial court properly granted summary judgment on both issues in favor of appellees because the doctrine of caveat emptor precludes recovery by buyers.
 {¶ 19} In Layman v. Binns (1988), 35 Ohio St.3d 176, 177, the Supreme Court of Ohio stated:
"`The principle of caveat emptor applies to sales of real estate relative to conditions open to observation. Where those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud. * * * (Citations omitted.)'" Id., quotingTraverse v. Long (1956), 165 Ohio St. 249, 252.
 {¶ 20} The Layman Court went on to state:
"A seller of realty is not obligated to reveal all that he or she knows. A duty falls upon the purchaser to make inquiry and examination.
"To make the doctrine operate fairly, courts have established certain conditions upon the rule's application. We summarize and adopt these conditions as follows: (1) the defect must be open to observation or discoverable on reasonable inspection, (2) the purchaser must have an unimpeded opportunity to examine the property and (3) the vendor may not engage in fraud." Id.
 {¶ 21} In the case sub judice, the defect in the property was that the creek flooded over into the property. The extent of the flooding was observable and discoverable by buyers. Buyers were told by their own investigators that they should contact a specialist or local governmental authorities. Buyers could have ascertained upon reasonable inspection that the property was located in a FEMA flood plane. Furthermore, buyers were not impeded by appellees in having an opportunity to examine the property. Buyers inspected the property themselves numerous times, and appellees did not object to the inspection or to possible research that buyers could have done.
 {¶ 22} Buyer's sole assignment of error is overruled.
 III. {¶ 23} The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, J. and Boyle, J., Concur.