OPINION
{¶ 1} Plaintiff-appellant, Karen Sexton, appeals a decision granting summary judgment to appellees, Robert C. Wiley and Cathy Wiley, on a complaint alleging failure to disclose certain defects in a home which she purchased from appellees. We affirm the judgment of the trial court.
 {¶ 2} On or about December 4, 2000, appellant contracted with appellees for the purchase of a home located in Middletown, Ohio, for the sum of $325,000. Prior to purchasing the home, appellant hired Taylor Made Inspections, Inc., to perform an inspection of the premises and received a detailed inspection report. Appellees also provided appellant with a copy of a whole home inspection report performed by Criterion Hough Engineers on February 12, 1998. Appellant also received a residential property disclosure form signed by appellees. After receiving all of the above information, appellant proceeded to purchase the property from appellees.
 {¶ 3} On December 20, 2002, appellant filed a complaint against appellees and Taylor Made Inspections, Inc., alleging that appellees negligently or intentionally failed to disclose certain defects in the home, "including but not limited to problems with the roof of the structure, problems with the furnace and air conditioning systems, problems with dehumidifier in the pool area and numerous other small but related problems * * *." The complaint alleged that the inspection performed by Taylor Made was negligently conducted and failed to disclose items at the home that needed repair which should have been disclosed.
 {¶ 4} Appellees filed answers to the complaint on January 21, 2003, and Taylor Made filed an answer on June 16, 2003. Appellees filed a motion for summary judgment on April 25, 2003; Taylor Made filed a motion for summary judgment on July 16, 2003.
 {¶ 5} On October 30, 2003, the trial court granted appellees' motion for summary judgment. On November 20, 2003, the trial court granted a Civ.R. 60(B) motion filed by appellants which claimed that the court granted summary judgment prematurely. Appellant was given additional time to respond to both motions for summary judgment.
 {¶ 6} On April 6, 2004, the trial judge again filed a decision granting appellees' motion for summary judgment. An entry granting the motion was filed on April 20, 2004 which contained language that there was no just cause for delay pursuant to Civ.R. 54(B). The record does not reflect that Taylor Made's motion for summary judgment was ever addressed by the trial court.[1]
 {¶ 7} Appellant raises three assignments of error on appeal, which will be considered out-of-order:
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "The court erred to the prejudice of appellant by granting summary judgment to both appellees."
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "The court erred to the prejudice of appellant by determining that the limitation of damages clause in her contract with taylor made inspections, inc. was legally sufficient and contained a lawful limitation of damages."
 {¶ 12} Assignment of Error No. 3:
 {¶ 13} "The court erred to the prejudice of appellant by not applying the proper standard for summary judgment in ohio."
 {¶ 14} The second assignment of error takes issue with the limitation of damages clause in the contract between appellant and Taylor Made. As previously noted, the record fails to indicate that the trial judge ruled on Taylor Made's motion for summary judgment. Accordingly, the second assignment of error is not properly before the court at this time and therefore overruled.
 {¶ 15} The third assignment of error avers that the court below did not apply the proper standard for granting summary judgment. Pursuant to Civ.R. 56(C), summary judgment is proper if (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. SeeTemple v. Wean United, Inc. (1977), 50 Ohio St.2d 317. Appellate courts review the grant of summary judgment de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,1996-Ohio-336.
 {¶ 16} A review of the trial court's decision indicates that the proper standard for summary judgment was applied below. Regardless, this court is required to review the trial court's decision de novo. Appellant, based upon the arguments in her brief, simply disagrees with the way the trial court applied the standard. The second assignment of error is overruled.
 {¶ 17} The first assignment of error argues that the trial court erred by granting summary judgment to "both appellees." Again, because it appears from the record that Taylor Made's motion for summary judgment has not been ruled upon, the court will address this assignment of error only with respect to the appellees herein, Robert and Cathy Wiley.
 {¶ 18} The principle of caveat emptor ("let the buyer beware") applies to sales of real estate with respect to conditions open to observation.Layman v. Binns (1988), 35 Ohio St.3d 176. Where those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud. Id.
 {¶ 19} Three requirements must be satisfied for the doctrine of caveat emptor to bar the purchaser of a home from recovery as against the vendor. First, the defect must be open to observation or discoverable upon reasonable inspection. Second, the purchaser must have an unimpeded opportunity to examine the property. Third, the vendor may not engage in fraud. Id.
 {¶ 20} In this case, appellant received an inspection report from appellees and paid for and received another inspection report from Taylor Made. Both of these inspections related numerous problems with the property appellant sought to purchase. "Once alerted to a possible defect, a purchaser may not simply sit back and then raise his lack of expertise when a problem arises." Tipton v. Nuzum (1992),84 Ohio App.3d 33, 38. When a purchaser becomes aware of a possible problem, he or she has a duty to either (1) make further inquiry of the owner, who is under a duty not to engage in fraud, or (2) seek the advice of someone with sufficient knowledge to appraise the defect. Id. at 38.
 {¶ 21} The complaint alleges that appellees failed to disclose problems with the roof of the residence, problems with the furnace and air conditioning systems, problems with the dehumidifier in the pool area, and "other small but related problems * * *." The inspection by Taylor Made states that the roof of the residence is near the end of its useful life; the inspection report states that the furnace system is operational, but it is designated "defective." The report does not specifically mention the pool area or a dehumidifier, but it states that the humidifier is "defective" and needs repair. The report contains two pages of items designated "defective."
 {¶ 22} A review of the record indicates that all of the defects of which appellant complains were open to observation or discoverable upon reasonable inspection; in fact, it appears that most or all of the defects were discovered and reported to appellant on inspection reports. Further, the record contains no evidence indicating that appellant did not have an unimpeded opportunity to examine the property for defects. Thus, the first two requirements for reliance upon the doctrine of caveat emptor set forth by the Ohio Supreme Court in Layman v. Binns have been satisfied.
 {¶ 23} The final requirement of Layman v. Binns is that appellees may not engage in fraud. The complaint alleges that appellees "intentionally or negligently" failed to disclose defects to appellant. An allegation of this nature does not rise to the level of fraud, which must be specifically pleaded pursuant to Civ.R. 9. Moreover, fraudulent concealment exists only where a vendor fails to disclose sources of peril of which he is aware if the source is not discoverable by the vendee.Ruggles v. Realtors, Lorain App. No. 03CA008411, 2004-Ohio-4580. The record does not show that any of the defects of which appellant complains were not discoverable by her.
 {¶ 24} In her brief, appellant asserts that summary judgment should not have been granted because there were "numerous factual disputes," including whether Taylor Made should have performed a more thorough inspection, whether or not Taylor Made was negligent with respect to the inspection it performed, and whether or not, given the fact that the contract to sell the residence was not signed until after the inspection was completed, Taylor Made should have recommended a more thorough technically-oriented and detailed inspection. While these are arguably facts subject to dispute, they are not material facts that preclude granting summary judgment to appellees. They gave appellant an unimpeded opportunity to examine the property for defects open to observation or discoverable upon reasonable inspection, and did not fraudulently conceal known defects. The first assignment of error is overruled.
Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] Despite the fact that Taylor Made's motion for summary judgment has not been resolved, this court still has jurisdiction over the trial court's decision to grant appellees' motion for summary judgment because the judgment entry granting the motion contains Civ.R. 54(B) language indicating no just cause for delay.