McCOY et al., Appellants,

v.

GOOD et al., Appellees.

[Cite as McCoy v. Good, 160 Ohio App.3d 55, 2005-Ohio-1370.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2004-CA-24.

Decided March 25, 2005.

Dina M. Cary, for appellants.

Christopher L. Kinsler, for appellees.

FAIN, Judge.

{¶ 1} Plaintiffs-appellants, Terry and Lynn McCoy, home buyers, appeal from a summary judgment rendered in favor of defendants-appellees, Paul and Dorothy Good, the sellers. The McCoys contend that the trial court erred in rendering summary judgment because the Goods failed to fully disclose the extent of the termite infestation, including the ongoing nature of the problem. The Goods argue that they disclosed enough information to create a burden on the McCoys to conduct their own inspection. We disagree.

{¶ 2} Because a reasonable factfinder could conclude that the Goods minimized the extent of the termite problem in disclosure documents required by statute to such an extent that the McCoys were misled, there is a triable issue of fraud. Accordingly, we conclude that there are genuine issues of material fact and that summary judgment was therefore inappropriate. The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

I

{¶ 3} In 1999, the Goods put their home in Springfield, Ohio, up for sale. As part of that process, the Goods executed a standard residential property disclosure form in which they revealed that the lower bathroom had been treated for termites by the previous owner in 1993 and that treatment had been updated annually. The McCoys allege that these responses were substantially incomplete, having omitted numerous ongoing infestations in other areas of the house in 1995, 1997, and 1999.

{¶ 4} Based in part upon the incomplete disclosure form, the McCoys purchased the residence for $248,000 in early 2000. Unfortunately, the McCoys did not request an updated termite inspection before the purchase. Several months later, the McCoys discovered termites in the lower level of the house. They called Aetna Exterminating and were apprised of the full extent of termite infestation and damage over the years, most of which had not been disclosed by the Goods.

{¶ 5} The McCoys brought this action against the Goods, alleging fraud and misrepresentation in the sale of their residence to the McCoys. The McCoys claimed that the Goods fraudulently misrepresented and concealed the extent of the termite problem in the residence. The McCoys sought rescission of the purchase contract, or alternatively, compensatory and punitive damages.

{¶ 6} The McCoys moved for summary judgment, alleging that the facts, even when viewed in a light most favorable to the Goods, clearly demonstrated that the Goods knew of, and failed to disclose, the full extent of the termite damage, treatment, and infestation of the residence. The Goods filed a cross-motion for summary judgment, alleging that they had put the McCoys on notice of the termite problem and that the McCoys had failed to conduct a termite inspection. The trial court denied both motions for summary judgment, concluding that genuine issues of material fact existed.

{¶ 7} Shortly before the second scheduled trial date, the Goods filed a motion for reconsideration. The trial court agreed to revisit both parties' motions for summary judgment, and both parties filed memoranda in support. On reconsideration, the trial court rendered summary judgment in favor of the Goods. From that judgment, the McCoys appeal.

## II

{¶ 8} The McCoys' sole assignment of error is as follows:

{¶ 9} "The trial court erred in granting appellees' motion for summary judgment."

{¶ 10} When considering a trial court's decision granting summary judgment, the review is de novo. See, e.g., *Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240, 2002-Ohio-3994, 773 N.E.2d 526, ¶ 12. Summary judgment is appropriate only where the movant demonstrates that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 11} The McCoys contend that the trial court erred in rendering summary judgment in favor of the Goods, because the Goods failed to disclose both the full extent of the termite infestation and the fact that the infestation was ongoing. In

response, the Goods insist that their disclosure was enough to place a burden on the McCoys to secure their own inspection. While we agree that the wiser course would have been for the McCoys to have had the house inspected, we reject the idea that an incomplete disclosure of problems shifts all of the responsibility onto a buyer. The fact remains that the Goods chose not to reveal either the full extent of the termite infestation or the fact that the problems were ongoing. Had they done so, the McCoys would have been fully aware of the need for their own inspection.

{¶ 12} Both parties and the trial court rely heavily on *Tipton v. Nuzum* (1992), 84 Ohio App.3d 33, 616 N.E.2d 265, and the doctrine of caveat emptor as set forth in *Layman v. Binns* (1988), 35 Ohio St.3d 176, 519 N.E.2d 642, syllabus, in support of their respective positions. Accordingly, we turn to that doctrine.

{¶ 13} "The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." *Layman*, supra, at syllabus, citing *Traverse v. Long* (1956), 165 Ohio St. 249, 59 O.O. 325, 135 N.E.2d 256. In this case, the primary issue is whether there was fraud by the Goods in choosing not to disclose the full extent of the termite infestations and treatments. For the following reasons, we believe that this question should have been put to a jury.

{¶ 14} When the Goods put their home up for sale in September, 1999, they executed a standard residential property disclosure form. One question on the form asked: "Do you know of the presence of any wood boring insects/termites in or on the property or any existing damage to the property caused by wood boring insects/termites?" The Goods answered in the affirmative and further stated, "Termites present in lower bath/shower with previous owner. House treated for termites." Another question asked: "If owner knows of any inspections or treatments for wood boring insects/termites, since owning the property (but not longer than the past 5 years), please describe." The Goods responded "Termite treatment completed in house in 1993 and updated annually."

{¶ 15} The McCoys maintain that these responses were substantially incomplete. Specifically, the answers falsely imply that there had been termite problems in 1993, before the Goods purchased the residence, but that there had been no problems since that time. However, Mr. Good admitted during his deposition that there had been another infestation and treatment in 1995 and that he did not disclose that fact. Furthermore, that infestation and treatment included more than just the lower bathroom—it also included the areas of the basement stairs and water heater. Additionally, reinfestations and treatments occurred in 1997 in both the bar area of the family room and in another basement

wall. Neither of those infestations was disclosed. Mr. Good also admitted that he failed to disclose infestations and treatments in the three-seasons room off the dining room. In June, 1997, monthly treatments were begun for termite and carpenter-ant infestation. These treatments were not disclosed. Nor did the Goods disclose the treatments that they ordered in May and September 1999, the very month that they listed their home for sale.

{¶ 16} A reasonable jury could find that the questions on the disclosure form required the sellers to disclose that they had knowledge of termite reinfestations during the five years preceding their execution of the disclosure form. Moreover, a jury could reasonably conclude that in responding to the two questions on the form in the way that they did, the Goods intentionally minimized the termite problem, not disclosing that it had persisted during their occupancy of the premises, to such an extent that the purchasers were misled.

{¶ 17} Because a reasonable finder of fact could conclude that the Goods minimized the existence of the termite problem to such an extent that the McCoys were misled, there is a triable issue of fraud. Accordingly, we conclude that there are genuine issues of material fact and that summary judgment is inappropriate.

{¶ 18} The McCoys' sole assignment of error is sustained.

### III

{¶ 19} The McCoys' sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BROGAN, P.J., and WOLFF, J., concur.