DECISION AND JUDGMENT
{¶ 1} This is an accelerated appeal from a summary judgment of the Erie County Court of Common Pleas granted in favor of appellees, Jack Hooks and Carrothers Pest Control LLC, and against appellants, Antonio Corte and Sarah Marie Corte. Appellants claim damages resulting from pecuniary losses suffered when they purchased their home *Page 2 
upon appellees' certification that there was no visual insect infestation or damage. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} On January 31, 2004, James and Bonnie Lambert contracted with appellants, Anthony and Sandra Corte, for the sale of the Lamberts' home located at 11505 Bellamy Road, Berlin Heights, Ohio ("Bellamy Road property"). In the sales contract, the Lamberts disclosed no infestation or damage by wood-destroying insects ("termites"). In addition to that disclosure, the Lamberts were required to furnish an infestation inspection prior to closing. If the inspection revealed infestation or damage, it was to be treated and repaired at the Lamberts' expense, unless repair totaled more than $2,000, in which case the contract could be voided.
 {¶ 3} On February 13, 2004, appellee, Jack Hooks, inspected the Bellamy Road property for termite infestation or damage. Hooks conducted a visual inspection and reported that "no visible evidence of a wood-destroying insect infestation was observed." Hooks added that there was no history of termites for the Bellamy Road property in his files. The report following the inspection explicitly expressed that it:
 {¶ 4} "is indicative of the condition of the subject structure(s)on the date of the inspection only and is Not to be construed as an express or implied warranty or guarantee against latent, concealed, or future infestation or defects. Any such warranty or service agreement to provide future treatment or inspections may be provided as a separate attachment and only if indicated in Section IV." *Page 3 
 {¶ 5} Relying upon appellees' report, appellants purchased the Bellamy Road property. Approximately six months after appellants purchased the Bellamy Road property, they hired an independent contractor to begin remodeling. At the onset of his work, the contractor discovered termites. After the termite discovery, appellants hired Terminix and numerous other contractors to treat and repair the damage caused to the Bellamy Road property by wood-destroying insect infestation.
 {¶ 6} Appellants filed their complaint on May 8, 2007, in the Erie County Court of Common Pleas alleging appellees' negligence, fraudulent misrepresentation, and negligent misrepresentation.
 {¶ 7} Appellees filed a motion for summary judgment on March 8, 2008. Appellants countered with their own motion for summary judgment on March 27, 2008.
 {¶ 8} On June 4, 2008, the trial court granted summary judgment for appellees finding that there were no genuine issues of material fact on any of appellants' three claims. The trial court found that there was no evidence to support (1) a breach of duty or standard of care by Hooks, (2) that Hooks's report was made with knowledge that termite infestation or damage was present at the time of his inspection or that Hooks intended to mislead appellants, (3) that the inspection was not performed with reasonable care and competence, and (4) that appellants' reliance was justifiable given the limitations of the inspection.
 {¶ 9} Appellants filed this instant appeal on June 11, 2008. Appellants set forth the following assignments of error: *Page 4 
 {¶ 10} "1. The Trial Court granting Defendant's [sic] Motion for Summary Judgment was contrary to law, against the manifest weight of the evidence and/or constituted an abuse of discretion when there were genuine issues of material facts upon which reasonable minds could differ."
 {¶ 11} "2. The Trial Court erred in granting Defendant's [sic] Motion for Summary Judgment by concluding that there was no evidence to support a jury finding that the Defendants were liable for negligent misrepresentation."
 {¶ 12} On review, appellate courts review a trial court's granting of summary judgment de novo, employing the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. The motion may be granted only when it is demonstrated:
 {¶ 13} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ. R. 56(C).
 {¶ 14} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a *Page 5 
properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ. R. 56(E); Riley v. Montgomery (1984),11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc. (1999), 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
 {¶ 15} On appeal, appellants contend in their first assignment of error that the trial court inappropriately granted summary judgment when there were genuine issues of material fact upon which reasonable minds could differ. More specifically appellants argue that there are issues of negligence and breach of contract regarding the accuracy of the inspection by Hooks of appellants' newly purchased home. Although appellants assert that there are a number of issues of fact in dispute, they present no evidence on these issues.
 {¶ 16} With his final report, Hooks included information limiting the scope of his inspection that it was not to be construed as a warranty against the existence or non-existence of infestation and/or damage, but rather that on the date of the inspection there were no visible signs of infestation in the accessible areas of the Bellamy Road property. Appellants seem to be asserting that because termite infestation and damage was found on their property six months after the inspection, Hooks negligently performed the *Page 6 
inspection. The mere existence of termites six months after the inspection is not sufficient to show the inspection was negligently conducted.
 {¶ 17} In addition, appellants argue that the Hooks affidavit is self-serving and cannot be used as the sole evidence for finding that he did not negligently perform his inspection. Instead of producing evidence to rebut the accuracy or adequacy of the visual inspection that Hooks performed, appellants produce a number of affidavits that the termite damage was long-term damage. It is not about quantity of evidence, rather that appellees produced the only evidence relevant to the inspection. Although self-serving, an affidavit by one party that is not contradicted by evidence from the opposing party is sufficient to support a motion for summary judgment. Smallwood v. Samuelson (Apr. 5, 1990) 7th Dist. No. 89-C-5.
 {¶ 18} In challenging the trial court's judgment, appellants rely onHines v. Amole, (1982), 4 Ohio App.3d 263. This case is distinguishable from Hines on several bases. First, in Hines, there was a history of termite damage. Id. at 264. More importantly, in Hines, a pest control technician and general contractor both testified that upon visual inspection, they had no trouble locating the termite damage, leading to the court's decision to hold the pesticide company liable for the observable termite damage. Id. at 267-268. While appellants present evidence that there was extensive termite infestation and damage to their home approximately six months after appellee Hooks inspected their property, they failed to present evidence to show how the infestation and damage was *Page 7 
discovered, as well as that Hooks should have noticed the damage when he inspected their home. Without such evidence, the Hooks affidavit remains undisputed.
 {¶ 19} Appellants also raise issue with the trial court's statement in its judgment entry that the Hooks affidavit presented a genuine issue of material fact "whether [appellees] violated any standard of care or made any false statement upon which [appellants] could reasonably rely." The trial court makes this statement when enumerating its reason behind dismissing appellees' motion for summary judgment. A genuine issue of material fact as to one party's motion for summary judgment does not mean that there is a genuine issue of material fact as to the opposing party's motion for summary judgment.
 {¶ 20} In addition to their other arguments, appellants assert a breach of contract claim citing McCoy v. Good, 160 Ohio App.3d 55,2005-Ohio-1370. This case is distinguishable from McCoy. The most important distinction is that in McCoy, the buyers were challenging the sellers' misrepresentations in the real estate contract, not the termite inspection itself. Id. at ¶ 4. In this case, appellants brought suit against the pesticide company and inspector for not finding the termites and damage, not the homeowners. While the court in McCoy held that summary judgment should be precluded where the homeowners minimize the existence of a termite problem to mislead the buyers into purchasing it,Id. at ¶ 16, 17, this principle is not applicable in this instance.
 {¶ 21} After a thorough consideration of the record, we find that construing the evidence in light most favorable to appellants, reasonable minds can come but to one *Page 8 
conclusion and that is in favor of appellees. For the foregoing reasons, we find that appellants' first assignment of error is not well-taken.
 {¶ 22} In their second assignment of error appellants challenge the trial court's decision to grant summary judgment on their negligent misrepresentation claim. In addition to repeating arguments for their first assignment of error, appellants question the trial court's statement that credibility is to be left to the factfinder. In this case, the trial court did not impermissibly assess the credibility of the affidavits before it. See, e.g., Bowen v. Kil-Kare, Inc. (1992),63 Ohio St.3d 84, 88. Rather, the trial court found that there were no issues of material fact concerning the elements of failure to exercise reasonable care and competence, and justifiable reliance.
 {¶ 23} Appellants failed to show evidence rebutting the Hooks affidavit that the inspection was done within the guidelines and standards of the state of Ohio and was therefore not performed with reasonable care and competence. The report from the visual inspection specifically expressed that it was "indicative of the condition of the subject structure(s) on the date of the inspection only and isNot to be construed as an express or implied warranty against latent, concealed, or future infestation or defects." The trial court found that appellants' reliance on this inspection was not justifiable given the limitations and scope of the inspection and we agree.
 {¶ 24} After construing the record in the light most favorable to appellants, we cannot find that there was evidence sufficient to present an issue of material fact *Page 9 
concerning the negligent misrepresentation claim. For the foregoing reasons, we find that appellants' second assignment of error is not well-taken.
 {¶ 25} Of consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J, CONCUR. *Page 1